GODFREY GORDON *et al.*

*v.*

J. J. BANKARD *et al.*

37    147
189   ²246

1. PLEADING—*proof.* In a suit against three persons as partners doing business under the name J. J. B., one of them pleaded in abatement, that they were not partners, but did not aver in the plea that they were not partners under the name of J. J. B. *Held*, if a demurrer had been interposed, the plea would have been pronounced bad because argumentative, but the plaintiff having taken issue, it was proper for the court to instruct the jury that they must find for the defendants, unless they believed, from the evidence, that, at the time the contract was executed, the defendants were partners under the name of J..J. B.

2. EVIDENCE—*admissions.* A partnership may be proven by evidence that each of the alleged partners had admitted its existence, but the admissions of one defendant, made in the absence of the others, are not evidence against them of the existence of the partnership.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of assumpsit brought by the plaintiffs in error against the defendants in error at the July term, 1863. Verdict and judgment were for the defendants, and the plaintiffs sued out a writ of error. The facts appear in the opinion.

Messrs. BATES & TOUSLEE for plaintiffs in error.

Messrs. WALKER & DEXTER for defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

The plaintiffs below, who are also plaintiffs in error, brought suit against Bankard, Bastable & Fausett, declaring against them as partners doing business under the name and style of J. J. Bankard, and upon a written contract executed in the name of J. J. Bankard. The defendants pleaded, under the statute, that they were not partners, but did not

aver in their plea that they were not partners under the name and style of J. J. Bankard. On the trial, the court instructed the jury that they must find for the defendants, unless they believed, from the evidence, that the defendants, at the time the contract was executed, were partners under the name and style of J. J. Bankard.

It is insisted by the counsel for the plaintiffs in error that, inasmuch as the plea only put the fact of partnership in issue, and not the partnership under the name of J. J. Bankard, the instruction was erroneous—that, under the pleading, it was only incumbent on the plaintiffs to prove that a partnership existed, and *that* being proven, the other fact, that the partnership did its business under the name of J. J. Bankard was admitted.

The answer to this position is obvious. The plaintiffs sue upon an instrument executed in the name of J. J. Bankard, and they aver in their declaration, that the defendants, as partners under that name, executed the instrument. Unless the partnership existed under that name, the instrument declared on would raise no presumption that it was executed by Bastable and Fawsett, or that they were chargeable upon it. They file a sworn plea, denying that a partnership existed between them and Bankard at the time of the execution of the contract. If no partnership whatever existed, it is clear that none existed under the name of J. J. Bankard. The greater includes the less. The plea then did deny the partnership alleged in the declaration, that is, the partnership under the name of J. J. Bankard, but it did this only argumentatively. That would have been a fatal objection to the plea, had a demurrer been interposed. But it was not, and hence the court, in instructing the jury, had the right to treat the plea as putting in issue the partnership alleged in the declaration, and to hold the plaintiffs to proof of such partnership. It is true that what is not denied in pleading is considered as admitted, but we can not, under this principle, hold that, where defendants deny that they are partners

at all, they do not also deny, for all purposes of proof, that they are partners under a particular name.  As already said, the plea, if not a direct, was an argumentative denial of the partnership laid in the declaration.

The plaintiffs in error also urge, that the 12th instruction given for the defendants was wrong.  That instruction is as follows:

" The acts, admissions or declarations of one or more of the defendants is not evidence of the existence of a copartnership between the defendants, so as to bind the other defendants as partners, unless the jury shall find, from the evidence, that such acts, admissions or declarations were made in the presence and hearing of such other defendants, or were subsequently brought home to the knowledge of such other defendants, and assented to by them."

The counsel for plaintiffs in error construe this instruction as meaning, that the partnership could not be proven by evidence that each partner had severally admitted it.  If the instruction laid down this principle, it would clearly be erroneous, but we do not thus construe it.  We understand it as merely asserting the unquestionable principle, that evidence that one defendant had admitted the existence of a partnership is no proof against the other defendants, not present, of the existence of such partnership.

These are the only points made in the argument of counsel for the plaintiffs in error, and the judgment is, therefore, affirmed.

*Judgment affirmed.*