(No. 25398.—

THE PEOPLE *ex rel.* Nelson Brothers Storage and Furniture Company, Petitioner, *vs.* HARRY M. FISHER, Judge, Respondent.

*Opinion filed February 21, 1940.*

MCCARTHY & TOOMEY, (JAMES C. O'BRIEN, JR., of counsel,) for petitioner.

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, MORTIMER PORGES, and PHILIP J. SIMON, of counsel,) for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is a petition for a writ of *mandamus* to compel a judge of the circuit court of Cook county to expunge

an order alleged to be void. On March 11, 1938, the relator, the Nelson Brothers Storage and Furniture Company, received notice from the Department of Finance of the State of Illinois that an assessment had been levied against it for Retailers' Occupation tax. In accordance with the statute, relator filed in the circuit court a *praecipe* for a writ of *certiorari*. The writ was issued, and the department filed its return with the transcript of proceedings. On May 25, 1938, relator attempted to file a written motion to quash the return but the court refused to entertain it on the ground that this motion was superfluous. On June 23, 1938, the cause was heard, and respondent entered an order finding that the return showed the assessment "was not duly made by the Department of Finance and that there are other irregularities appearing upon the face of the said return." A judgment was entered reversing the findings of the department, and remanding the cause to the Department of Finance for the taking of additional testimony and "for other and further proceedings in accordance with law." The judgment also authorized the department to withdraw its report of proceedings for correction. Relator obtained leave and filed this petition for *mandamus* to expunge this order on the ground that respondent's jurisdiction is limited to either an order quashing the writ or an order quashing the record.

The Retailers' Occupation Tax act, after setting out the method and rules of hearing and departmental decision, provides as follows: "The circuit and superior court of the county wherein the hearing is held shall have power by writ of *certiorari* to the department to review all questions of law and fact determined by the department in administering the provisions of this act presented by such record." (Ill. Rev. Stat. 1939, chap. 120, par. 451.) In *People* v. *McGoorty,* 270 Ill. 610, at page 619, this court discussed the difference between the statutory and common law writs of *certiorari,* and said: " 'The purpose of a com-

mon law writ of *certiorari* is to bring the entire record of an inferior tribunal before the court to determine whether such a tribunal has proceeded according to law, and the trial is to be had solely from an inspection of the record. The court cannot consider any matter not appearing of record, and if the want of jurisdiction or illegality appears from the record the proper judgment is that the proceeding be quashed, but if the proceeding be regular the petition must be dismissed and the writ quashed, and these are the only judgments that can be entered in this procedure.' (*Sanner v. Union Drainage District,* 175 Ill. 575.) * * * 'It is true, we have a statute which provides for the issuing of a writ called a *certiorari,* but that writ can scarcely be said to have any analogy to the common law writ of the same name. The common law writ only removes the record of the inferior court, and upon that record, alone, can the questions be raised. The determination of the questions of fact by the inferior court are held conclusive, while our statutory writ removes the entire case into the circuit court and opens for reexamination all questions, both of law and fact. Indeed, it is but another mode of taking an appeal from the judgment of a justice of the peace to the circuit court, and it can only be directed to justices of the peace, while the common law suit, as we have seen, may be sent to all inferior tribunals and jurisdictions, whether they be courts of justice or tribunals of special and more limited authority, and whether an appeal be allowed from their determinations or not.' "

If respondent's contention be true, that in the instant case the statutory provision for review of all questions of law and fact by writ of *certiorari* includes the implied power to reverse and remand and enter other orders, the effect would be to create, as in the case just cited, "another mode of taking an appeal," giving to the circuit and superior court all the authority to be found in an appellate court. This contention finds no support in law, for an "appeal" to

a court cannot be had from the decision of an administrative body such as the Department of Finance. In *Maxwell* v. *People,* 189 Ill. 546, we discussed a statute allowing an "appeal" from a decision of a board of review in a tax case, and said, at page 557: "The board of review is a non-judicial body; there can be no such thing as an appeal from the board of review to the Supreme Court of the State, which is a judicial body. The judicial powers, under the constitution of the State, are vested in one Supreme Court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be created by law in and for cities and incorporated towns. (Const. art. 6, sec. 1.) No judicial power is vested in any such body as the board of review. (*Chicago, Santa Fe and California Railway Co.* v. *Lorance,* 180 Ill. 180; *People* v. *Comrs. of Highways,* 188 id. 150.) Appellate jurisdiction is the attribute of a court created for reviewing the decisions of inferior courts, and not of inferior bodies non-judicial in character." In *City of Aurora* v. *Schoeberlein,* 230 Ill. 496, a case which involved an "appeal" from a decision of a board of fire and police commissioners, it was held, at page 502: "An appeal is a step in a judicial proceeding, and in legal contemplation there can be no appeal where there has been no decision by a judicial tribunal. Two things are essential to an appeal, in its proper sense: First, the decision of a judicial tribunal; and second, a superior court invested with authority to review the decision of the inferior tribunal." In a later case, *North Chicago Hebrew Congregation* v. *Board of Appeals,* 358 Ill. 549, a statute was held void which purported to grant an appeal to this court from an order of the State Tax Commission, and, at page 551, this court said: "It is readily apparent why this is not a case wherein we can properly exercise the appellate jurisdiction of this court. The board of tax appeals and the State Tax Commission are purely administrative bodies, from which an 'appeal' is granted to this court. Strictly

speaking, the use of the word 'appeal' is unfortunate, as these administrative bodies are non-judicial in character, and there can not be an appeal from a non-judicial branch of the administrative arm of the government to this court." In the same case, at page 553, the court said further: "A part of section 35e in certain cases purports to give the State Tax Commission the right to apply to this court for an order annulling a decision of the board of appeals—in other words, calls this court in as an umpire to settle disputed questions of fact where the board and commission have disagreed. Another part of the section, as in the present case, purports to allow a direct appeal here by the State Tax Commission in behalf of an aggrieved property owner. These portions of section 35e are void because they evidence a legislative intent to fasten administrative duties upon the Supreme Court and provide for direct appeals to this court from the findings of a non-judicial body."

The wording of the instant statute cannot be held to grant to the reviewing courts those powers characteristic of appellate courts, for the exercise of such powers in cases under the Retailers' Occupation Tax act would result in courts usurping the rights and duties of an administrative body. This would violate the constitutional provision as to separation of governmental powers.

The attempted creation of the power found in the Retailers' Occupation Tax act to review all questions of fact, is sufficient to remove the writ therein provided for from the class of common law writs, and makes it a statutory writ of *certiorari*. The statutory writs of *certiorari* may be divided into two groups: (1) Those in which the reviewing court is given power to review all questions of law and fact, and the additional power is granted to enter certain orders; (2) those in which the reviewing court is given power to review all questions of law and fact, but the statute is silent as to the order or orders that may be entered by the court. The statute under consideration is of the second class.

In cases involving writs of the first class, wherein the power to make certain orders is specifically named by the particular statute, this court has held that the granting of express powers prohibits the exercise of powers not named. In *Kudla* v. *Industrial Com.* 336 Ill. 279, it is said, at page 281: "The writ of *certiorari,* by which the circuit court is given power to review the award of the Industrial Commission in cases under the Workmen's Compensation act, is wholly statutory, and in the exercise of the special statutory jurisdiction conferred upon circuit courts in such cases, they act not by virtue of their general jurisdiction but as courts of special and limited jurisdiction, and their powers are limited by the provisions of the statute. Their authority to make any order must be found in the terms of the statute." Again, in *Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62, it is said: "The method of invoking the aid of the circuit court is prescribed by statute, as are the questions that can be raised and the orders the court may enter."

There is no dispute that where a statute grants the right of judicial review by *certiorari,* and prescribes the authority of the reviewing court as to orders, the language is limitative, and authority not directly given is excluded.

The question now presented is whether, under a statute allowing *certiorari* to review all questions of law and fact involved in an assessment of the Retailers' Occupation tax, but including no mention of the reviewing court's authority as to judgment, the court can enter such a judgment as was rendered in this case. Respondent contends that, in the absence of specified power as to orders, the court is in no way limited and is clothed with general appellate jurisdiction. This conclusion is reached by reasoning that if the effect of specifying powers is to limit and exclude, then the effect of omitting specified powers is to make a limitless grant of authority. This is a *non sequitur.*

At common law the jurisdiction of a court to review by *certiorari* was definitely and decisively fixed; therefore, any

effort to enlarge that jurisdiction must be stated in the statute, for such enlargement is not to be accomplished by judicial interpretation. In *City of Chicago* v. *Nichols,* 177 Ill. 97, at page 104, this court said: "Courts have power to construe and enforce statutes, but not to enact or amend them." It was held in *People* v. *Rogier,* 326 Ill. 310, at page 317: "It is the duty of the courts to ascertain the meaning of and give effect to every constitutional act of the legislature, but they cannot supply omissions or remedy defects in matters committed to the legislature." In *Sup* v. *Cervenka,* 331 Ill. 459, at page 462, the holding was: "The responsibility for the justice or wisdom of legislation rests upon the legislature, and it is the province of the courts to construe and not to make the laws." The court cannot restrict or enlarge the meaning of an unambiguous statute. *People* v. *Sergel,* 269 Ill. 619.

There is no ambiguity in the wording of the statute under consideration. It is, therefore, not within the province of this court to extend it beyond its terms.

When the legislature provides for *certiorari,* and no provision is made in regard to the authority of the reviewing court to enter orders, then the court is confined and limited to the authority springing from the common law. Respondent could either have quashed the writ or quashed the return, but beyond these bounds he could not rightfully go. He acted outside his authority and was without jurisdiction to enter the reversing and remanding order. Accordingly, the writ of *mandamus* will be awarded to compel respondent to expunge the invalid order and enter an order consistent with the views herein expressed.

The writ of *mandamus* is ordered to issue.

*Writ awarded.*