(No. 26190.—

CARL CLAUSON, Appellant, *vs.* THE DEPARTMENT OF FINANCE, Appellee.

*Opinion filed September 17, 1941.*

FREEMAN & FREEMAN, for appellant.

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, JR., of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County quashing a writ of *certiorari* sued out of that court by appellants to review a proceeding before the Department of Finance under section 12 of the Retailers' Occupation Tax act. (Ill. Rev. Stat. 1939, chap. 120, par. 451.) The sole contention in this court is that the circuit court erred in quashing the writ of *certiorari* sued out by appellants to review the record of the hearing and proceedings before the Department of Finance.

The appeal was perfected jointly by Carl Clauson, Gunner Clauson and Helmer Clauson. The order of the circuit court appealed from, and also the order of the department making the assessment was entered against said

parties jointly. Nevertheless, on the record and in the briefs in this court, Carl Clauson is asserted to be and is treated by the others as the sole appellant. No claim is made that the order appealed from was erroneous as to Gunner Clauson or Helmer Clauson. The only question raised is that the evidence offered on the hearing before the department was insufficient to show that Carl Clauson was a partner in the business conducted as Clauson Bros. Motor Co. There is no claim made that Clauson Bros. Motor Co. was incorporated.

Section 12 of the Retailers' Occupation Tax act (Ill. Rev. Stat. 1939, chap. 120, par. 451) provides that the circuit or superior court of the county in which the hearing by the Department of Finance, under the act, is held, shall have power by writ of *certiorari* to review all questions of law and fact determined by the department in the administration of the act. In the case of *People* v. *Fisher,* 373 Ill. 228, it was held by this court that the writ of *certiorari* provided for by said section is not the common law writ of *certiorari* but is a special statutory writ, broader in its scope than the common law writ; that the power of the court under such writ is limited by statute to the power to quash, either the writ, or the return to the writ, and to make such further orders as the statute creating the right to the writ expressly authorizes. By the express language of said section 12, where the court quashes the writ, it is authorized to enter judgment for the assessment made by the department.

Appellee insists that in reviewing the facts by writ of *certiorari* under said section 12 the court cannot weigh the evidence except for the purpose of determining whether it is sufficient to constitute evidence fairly tending to sustain the order reviewed. Undoubtedly this is the rule applicable to common law writs of *certiorari*. The writ provided for by this statute, as pointed out in *People* v. *Fisher,*

*supra,* is not the same as the writ of *certiorari* known to the common law. If construed otherwise, a party against whom an order was made by the department would never have the right to have the facts on which the assessment was based reviewed by a court, or otherwise. In the case of *Department of Finance* v. *Gold,* 369 Ill. 497, this court held that the question of whether the person against whom the assessment was made was liable for the tax assessed could only be litigated in a proceeding on *certiorari* under section 12. That case was followed in *Department of Finance* v. *Goldberg,* 370 Ill. 578, and *Department of Finance* v. *Schmidt,* 374 Ill. 351.

Where the person against whom an assessment is made invokes the remedy provided by said section 12, by suing out a writ of *certiorari,* then, if the court refuses to quash the return to the writ, it must enter an order quashing the writ and affirming the assessment made by the department. If such order is entered, the statute makes it the duty of the court to enter judgment against the petitioner for the amount of the assessment. On such judgment an execution may issue. If the act should be construed as denying to the taxpayer the right to litigate questions of fact on writ of *certiorari,* as provided in said section, then he would be deprived of all right to a review of the facts upon which the assessment was made. We cannot accept the contention of appellee to the extent of holding that the power of the circuit or superior court, in reviewing the facts upon writ of *certiorari,* is limited to a determination of the question of whether there is evidence which fairly tends to support the order of the department and cannot set aside such order unless it is palpably or manifestly against the weight of the evidence. To so hold would require us to wholly disregard the plain language of section 12. Upon such review under said section 12 of the Retailers' Occupation Tax act, the court is required to

consider the whole record constituting the return to the writ, both as to questions of law and fact.

The evidence shown by the return to the writ in this case upon which the department found that Carl Clauson was liable for the tax consisted of four monthly retailers' occupation tax returns made for Clauson Bros. Motor Co. for the months of July, 1934, February, 1937, April, 1937 and July, 1937. Each of these returns was signed and certified by Carl Clauson as "partner" or "co-partner." Against this, Gunner Clauson testified that the business was operated by the witness and Helmer Clauson as a co-partnership and that Carl Clauson was not interested in the partnership. He further testified that he "thought" there were formal articles of co-partnership entered into between himself and his brother Helmer. He agreed to produce a copy of the partnership agreement "if he could find it" at a later hearing. Later hearings were held. The partnership agreement was not produced and no excuse offered for not producing it. No other evidence was heard tending to show that Carl Clauson was, or was not, a member of the partnership or interested in the business.

The fact that the examiner, or enforcement officer, before whom the hearing was had, based his decision that Carl Clauson was liable for the taxes assessed on the ground that he having signed the four returns above mentioned was estopped to deny on the hearing his connection with the business, is wholly immaterial. No question of estoppel could be asserted and appellee does not so contend. Neither this court nor the circuit court is concerned with the reasons given by the examiner for his decision. The sole question here is: Was his decision supported by the evidence in the record constituting the return to the writ?

The admissions of Carl Clauson by attaching his signature and verification to the four returns and designating

himself as a partner would not be competent or sufficient to establish a partnership as against other partners. But no such question is here involved. We are here dealing solely with the question of whether the acts of Carl Clauson in so signing and verifying said returns and designating himself therein as a partner, constitute sufficient evidence to support the assessment made against him as a member of the partnership by the department.

A partnership may be proved by evidence that one of the alleged partners had admitted its existence. Such admission is, of course, admissible only against the alleged partner making the admission. *Gordon* v. *Bankard,* 37 Ill. 147; *Daugherty* v. *Heckard,* 189 id. 239.

The acts of Carl Clauson in signing and verifying the four returns covering monthly intervals within the period under investigation were admissible against him. They constituted representations and admissions by him that he was a partner in the business covering four separate months during the period for which the assessment was made. It is significant that Carl Clauson did not testify as a witness, but rested his contention on the bare denial and unsatisfactory testimony of his brother. Whether he was or was not a partner in the business was a fact which evidently could have been definitely shown by the records of the business. No such records were offered in evidence. In this state of the record the evidence shown in the return to the writ of *certiorari* justified the court in quashing the writ and in entering judgment for the amount of the assessment as provided in section 12 of the act.

The judgment of the circuit court was right, and that judgment is affirmed.           *Judgment affirmed.*