## L. J. Scheuer et al., Petitioners, v. Johns-Manville Products Corporation et al., Respondents. Johns-Manville Products Corporation et al., Appellants.

**Gen. No. 10,044.**

Opinion filed April 18, 1946. Opinion modified and rehearing denied February 3, 1947. Released for publication February 5, 1947.

HETH, LISTER & FLYNN, of Chicago, EDWARDS & BLOCK and RUNYARD & BEHANNA, all of Waukegan, for appellants.

J. E. BAIRSTOW, of Waukegan, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On October 11, 1941, there was filed in the county court of Lake county a petition for the annexation to the City of Waukegan territory contiguous to the city.

Said petition was signed by ninety-four persons. They stated that they are a majority of the owners of record, of the land and also a majority of the electors residing in the territory sought to be annexed. Objections to the petition were filed by Johns-Manville Products Corporation, North Waukegan Harbor & Dock Association, Hugh T. Birch and Arthur T. Galt, all owners of land in the territory. Among other objections, Birch and Galt specified that they are informed and believe, and upon such information and belief, state the fact to be, that the petitioners are not bona fide owners of any property within the territory.

The territory in question comprises approximately 500 acres. About 10 acres thereof had been, in years past before the petition was filed, subdivided into lots and blocks by three surveys, platted and named Armstead Addition and the Lake Shore Subdivisions. The petitioners alleged that they are. the owners of 94 lots in the addition and the subdivisions. It was contended and claimed in the county court by the objectors on the hearing on the petition that the petitioners became the owners of their lots very shortly before the petition was filed; that the deeds delivered to them for their respective lots were without consideration, and given to the petitioners to qualify them to sign the petition to carry out a conspiracy of the corporation counsel of the City of Waukegan, and other persons interested in obtaining the annexation. The question whether the petitioners are a majority of the bona fide owners of land in the territory, was contested at the hearing on the petition in the county court.

The hearing on the petition in the county court was commenced on December 2, 1941, and the next day the petitioners concluded their proof introduced to maintain the petition. On December 4, 1941, the objector, Johns-Manville Products Corporation, filed its complaint in the circuit court of Lake county for an injunction to restrain the annexation proceeding in the

county court. The hearing in the county court was thereupon suspended.

On December 5, 1941, the circuit court refused to grant a temporary injunction as prayed in the complaint of Johns-Manville Products Corporation. On December 17, 1941, the petitioners made a motion in the county court for final judgment on the petition on their proof, making a prima facie case in favor of granting the prayer of the petition.

The foundation of the motion for a final judgment in the county court is that the objector, Johns-Manville Products Corporation, with the acquiescence of the other objectors, filed the suit for injunction and the circuit court, by its decision, refused to order the writ for a temporary injunction. The grounds which the petitioners made and urged for their motion may be summarized as follows: By filing the complaint the objectors, (1) admitted that the petition conformed to the law and that the facts therein stated are sufficient to warrant an order of the county court certifying to the city council of the City of Waukegan, the question of the annexation of the territory described in the petition; (2) that the objectors had inconsistent remedies, and when they elected to proceed under their complaint for an injunction, they were barred from further proceeding in the county court. The motion of the petitioners for final judgment was denied, and the hearing on the petition was continued in the county court. The objectors introduced evidence, and claimed that the petitioners were not bona fide owners of the territory sought to be annexed when the petition was filed.

There is a final order by the county court which declares and finds, upon hearing of testimony of witnesses produced and examined in open court, "That the subject petition for annexation filed herein on October 11, 1941, is not signed by a majority of the bona fide property owners in the territory sought to be

annexed, is not the voluntary, independent, expression of a majority of the property owners in such territory, and is legally insufficient and invalid under the statute." The order dismisses the petition at petitioners' cost.

After the entry of the final order by the county court, the petitioners filed a petition in the circuit court of Lake county for the common-law writ of *certiorari,* and the record of the county court, with the evidence heard in said court on the petition, was certified to the circuit court on the return of the writ.

The circuit judge in a written opinion, which appears in the record, concluded that the Civil Practice Act enlarges the scope of review permitted under the common-law writ of *certiorari* as defined and limited by decisions of our Supreme Court before the enactment of the Act. The circuit judge found, "there is no evidence in the record to support the findings of the County Court or its judgment," and further, held that the county court improperly admitted evidence of the objectors in the county court and improperly interpreted and applied the law, wherefore the county court, "exceeded its jurisdiction in dismissing the petition," for annexation and "did not proceed according to law."

The final order of the circuit court after reciting, "to the end that this controversy may be finally determined according to the substantive rights of the parties, pursuant to the power vested in this court by Section 4 and Section 50 of the Civil Practice Act, the Court finds; makes extensive findings of fact and law as to the validity and legal sufficiency of the annexation petition; that the prayer of the petition should have been granted by the County Court." Denies the objectors' motion to quash the writ of *certiorari* and dismissed the petition therefor. Orders that, "The record of the judgment of the County Court is quashed and

said order by the County Court is reversed, set aside and wholly for naught esteemed.''

It is first contended here by the petitioners (appellees herein), that the county court did not proceed according to law for the reasons which they assigned as grounds to their motion for final judgment in the county court, which will be now considered.

■■ The procedure for annexation of territory to a city is purely statutory. Original jurisdiction under such a procedure is by statute granted to the county courts. Circuit courts do not have concurrent jurisdiction with the county courts of the matter of annexation of territory to a city. The circuit courts may acquire jurisdiction of such a proceeding by its use of the common-law writ of *certiorari,* and not otherwise. The circuit court of Lake county was without power to determine the legality of the petition for annexation as a matter of original jurisdiction under the complaint for an injunction filed in that court. Consequently, the circuit court could not pass on the legality of the petition under the complaint, nor was there an election of inconsistent remedies by the objectors as the statute does not grant two remedies applicable to the question whether territory should, or should not, be annexed to a city. (*Linnertz v. Dorway,* 246 Ill. 485; *Griesa v. Mutual Life Ins. Co.,* 169 Fed. 509; 20 C. J., p. 40, sec. 35.)

■ The statute governing the procedure for the annexation of territory to a city does not grant a statutory writ of *certiorari* with the provision that the circuit courts shall have power, under the writ, to determine all questions of law and fact determined by the county court. Such a provision, for example, does appear in the Retailers' Occupation Act, Workmen's Compensation Act and the Unemployment Compensation Act. The Civil Practice Act was enacted in 1933, the Retailers' Occupation Act in 1933, and the Unemployment

Compensation Act in 1937. It is further to be observed that the annexation Act does not provide for appeal, nor writ of error, and the only method of review is by the common-law writ of *certiorari*. (*Superior Coal Co. v. O'Brien*, 383 Ill. 394.)

It is not contended by any party to this appeal that the county court of Lake county did not have jurisdiction of the parties and the subject matter of the proceeding for the annexation. It is not contended that the record of the county court does not show findings of fact sufficient to give the county court jurisdiction of the subject matter and the parties. (*Crocher v. Abel*, 348 Ill. 269, 276.) There is competent evidence in the record of the county court fairly sustaining the objection of the appellants that the petition for annexation is not signed by a majority of the *bona fide* property owners of the territory sought to be annexed. This evidence is sufficient to support the county court's decision, and that it did not exceed its jurisdiction.

In the *Abel* case it is stated: "The extent to which the circuit court may review the proceedings of the county court in a case of this kind is limited. The common law writ of *certiorari* brings up for review only the record of the tribunal to which it is addressed, and not the evidence. An exception to this rule is made when the question involved is whether jurisdictional facts were, or were not proved." (Citing cases.) The Supreme Court further stated in the *Abel* case: "Within a comparatively short time before the petition was signed eight property owners caused their respective properties to be transferred to themselves and their spouses as joint tenants. It is claimed that such conveyances were made for the sole purpose of enabling the proponents of annexation to obtain the necessary number of signatures to the petition, and that the spouses are not bona fide property owners and should not be counted among the petitioners. The bona fides of the transactions was a question of fact,

which is not reviewable on *certiorari*." (*Frye v. Hunt*, 365 Ill. 32.)

Since the enactment of the Civil Practice Act the Supreme Court has adhered to the rule announced in the *Abel* case. (*Superior Coal Co. v. O'Brien*, 383 Ill. 394; *Clauson v. Department of Finance*, 377 Ill. 399; *People v. Fisher*, 373 Ill. 228.) Although it appears from these cases last cited that the Supreme Court has not in the general discussion of the extent of review on *certiorari* strictly confined its statements of the law to the rule that, "The common law writ of *certiorari* brings up for review only the record of the tribunal to which it is addressed, and not the evidence. An exception to this rule is made when the question involved is whether jurisdictional facts were, or were not proved." Thus the statement found in the case of *Superior Coal Co. v. O'Brien*, 383 Ill. 394, 401 is illustrative of statements of like import found in the cases referred to. It is there stated: "While it is true that the writ of *certiorari* provided by the Retailers' Occupation Tax differs from the common law writ of *certiorari* the differences are minor in the extreme. In common law *certiorari* proceeding the trial judge determines from the record alone whether there is any evidence fairly tending to support the order reviewed and cannot set aside the order unless it is palpably or manifestly against the weight of the evidence." There has been no decision of the Supreme Court holding that the Civil Practice Act has enlarged the scope of review of facts in a *certiorari* proceeding which was taken under the common-law writ of *certiorari*.

In the case of the *People v. Fisher*, 373 Ill. 228, p. 233, it is stated, "At common law the jurisdiction of a court of review by *certiorari* was decisively fixed; therefore, any effort to enlarge that jurisdiction must be stated in the statute, for such enlargement is not to be accomplished by judicial interpretation." It was there held that there being no provision in the Re-

tailers' Occupation Tax granting the circuit court's authority as to what orders were to be rendered, the circuit courts are limited to the authority springing from the common law, that is, to either quash the writ of *certiorari* or quash the return.

It is our opinion that the case of *Crocher v. Abel*, 348 Ill. 269, is decisive that the order of the circuit court on the writ of *certiorari* should be reversed unless there is merit in the contention of the petitioners that the Civil Practice Act has enlarged the authority or circuit courts on the writ of *certiorari* to review facts, other than the facts that were necessary to establish the jurisdiction of the court to which the writ was addressed, to determine if the latter court arrived at the correct decision under the pleadings and evidence before it.

It is evident that such a construction of the Civil Practice Act, as is contended for by the petitioners, would vest the circuit courts with the authority and function of appellate review on the writ of *certiorari* to the fullest extent. (*People v. Fisher*, 373 Ill. 228, 230.)

The first paragraph of section four of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 128; Jones Ill. Stats. Ann. 104.004] provides as follows: "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act or to the rules made pursuant thereto." Part of sec. 50 [Ill. Rev. Stat. 1945, ch. 110, par. 174; Jones Ill. Stats. Ann. 104.050] is as follows: "(1) Judgment may be given for or against one or more of several defendants; and the Court may determine the ultimate rights of the parties on each side as between themselves, and grant the defendant any affirmative relief

to which he may be entitled on his pleadings and proof.''

Section 1 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 125; Jones Ill. Stats. Ann. 104.001] provides: ''The provisions of this Act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited, in court of record, except in attachment, ejectment, or other actions in which the procedure is regulated by special statutes.'' The courts have held that an action in which the procedure is regulated by special statutes is expressly excluded from the terms of the Civil Practice Act. (*City of Breese v. Abel,* 359 Ill. 579; *City of Freeport v. Kaiser,* 311 Ill. App. 197; *Superior Coal Co. v. O'Brien,* 383 Ill. 394.)

''The expression 'Civil proceedings both at law and in equity,' is sufficiently comprehensive to include every claim or demand in a court of justice which was known at the adoption of our constitution as an action at law or a suit in chancery. Furthermore, it includes all actions since provided for in which personal or property rights are involved of the same nature as those previously enforced by actions at law or in chancery. Conversely, it does not include special statutory proceedings involving rights and providing remedies which are not of the kind previously enforced either at law or in chancery. Even if the right sought to be asserted is one which did not exist at common law, but is of a statutory origin and similar in character to a common-law right, there is no requirement that the provisions for the enforcement of the right in its initial stages be in accordance with common-law methods if, when the right is later asserted in a court of record, the procedure for its enforcement assumes the aspect of a procedure according to the course of the common law. (*People v. Gale,* 339 Ill. 162; *Christensen v. R. W. Bartelmann Co.,* 273 Ill. 346; *Lavin v. Wells Bros. Co.,*

272 Ill. 609.) In such cases, Sections 1 and 77 of the Civil Practice Act apply and an appeal is available." *Superior Coal Co. v. O'Brien,* 383 Ill. 394, 399.

There was no common-law right to have property annexed to a city. Section 1 of the Civil Practice Act also provides, "As to all matters not regulated by statute or rule of court, the practice at common law and in equity shall prevail."

It is our opinion that the Civil Practice Act has not enlarged the power of circuit courts on a writ of *certiorari* to review facts, other than the jurisdictional facts appearing in the record to which the writ is addressed in a proceeding for the annexation of territory to a city. The order of the circuit court of Lake county is reversed, and the cause remanded with directions to quash the writ.

*Reversed and remanded with directions.*