CATHERINE RAMPKE *et al.*

*v.*

WILLIAM BEUHLER.

*Opinion filed June 16, 1903.*

1. SPECIFIC PERFORMANCE—*purpose of remedy of specific perform-
ance.* The remedy of specific performance is designed to give to
a party the thing contracted for, if this may be done equitably,
rather than damages for a breach of the contract.

2. SAME—*contract must show with certainty what was contracted for.*
To justify the specific enforcement of a contract for the convey-
ance of land, the contract must show definitely what was con-
tracted for and what the other party agreed to convey.

3. SAME—*when extrinsic evidence is not admissible to aid description.*
If the uncertainty in the description of land in a contract for a
conveyance is patent, extrinsic evidence is not admissible to show
what was intended.

4. SAME—*when contract cannot be specifically enforced.* A contract
to convey "four lots 25 feet by 150 feet deep, in either section 8
or 9, town 36," etc., the tract owned by defendant being irregular
in shape and unsubdivided, cannot be specifically enforced by or-
dering the conveyance of a rectangular piece of ground from such
tract of the aggregate area of the four lots described.

5. SAME—*court cannot make a contract for the parties.* In specific
performance it is the province of the court to enforce the con-
tract which the parties have made, and not to make a contract
for them.

APPEAL from the Circuit Court of Cook county; the
Hon. E. F. DUNNE, Judge, presiding.

I. T. GREENACRE, and OTTO F. REICH, for appellants.

A. B. DUNNING, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The circuit court of Cook county overruled a demurrer
of appellants to the bill of appellee filed against them
in said court for the specific performance of a written
contract executed by Claus Eggers and Ester Eggers, his
wife, for the conveyance to appellee of four lots in said

county. Appellants elected to stand by their demurrer, and the court thereupon entered a decree for specific performance of the contract, from which this appeal is taken.

The averments of the bill, which the defendants by their demurrer alleged were not sufficient to authorize the relief prayed for, are, in brief, as follows: That Claus Eggers on May 1, 1900, being the owner in fee of a certain tract of land in Cook county, (described in the bill,) together with his wife, entered into an agreement, signed by them, to convey to complainant four lots in consideration of the assistance of complainant "as interpreter, etc.," in their behalf in the case of Hinrich Mohr and Helene Mohr against Claus Eggers and Ester Eggers, then pending in the circuit court of Cook county, which agreement was in the words and figures following, to-wit:

"Claus Eggers and Ester Eggers herein agree to deed to William Beuhler, of Harvey, Cook county, Illinois, four lots 25 feet by 150 feet deep, in either section 8 or 9, town 36, north, range 14, east, in the third principal meridian, in Cook county, Ill., for his assistance in case of Mohr *et al.* *v.* Eggers *et al.*, to be on the road north side of said land.        CLAUS EGGERS,

Witness:   A. B. DUNNING."        ESTER EGGERS.

—that complainant agreed, as the consideration for said lots, to act as interpreter for any witness produced by them in said cause, whenever necessary; that the testimony in said cause was afterward taken before John S. Hummer, master in chancery, on the part of said Claus Eggers and Ester Eggers; that complainant was present at every sitting of said master in chancery and interpreted for witnesses sworn and examined on the part of said Claus Eggers and Ester Eggers, and in other ways aided and assisted them in said cause, and fully performed his part of the agreement; that Claus Eggers died on or about March 5, 1901, leaving a last will and testament, and leaving the defendants, the said Ester Eggers, his widow, Catherine Rampke, his child, and William Rampke, her husband, his only heirs-at-law; that

the defendant Otto F. Reich was appointed administrator of the estate, and that complainant became entitled to a conveyance of 100 feet in width and 150 feet in length, or, in other words, four lots out of said tract of land, in payment for his services; that Claus Eggers in his lifetime, and the defendants after his death, had failed to execute the conveyance.

On the hearing of the demurrer a plat was filed, and by agreement was considered a part of the description of the property, showing an irregular tract of land, not subdivided into lots or blocks, in sections 8 and 9, located between the Illinois Central railroad, the Calumet river, One Hundred and Forty-sixth street, and a tract of five and five-eighths acres on the west, between said street and river. The prayer is for a conveyance of a rectangular piece of land 100 feet in width on One Hundred and Forty-sixth street and extending back 150 feet, in the north-west corner of the tract. The decree entered did not locate or describe the land to be conveyed, but ordered the conveyance of a rectangular tract, the north line to be identical with the south line of One Hundred and Forty-sixth street and to be 100 feet in length, and the tract to extend south 150 feet, and to be located somewhere between the right of way of the Illinois Central Railroad Company and the west line of the premises, which was a distance of 1271.5 feet. The decree ordered that it should be located at such place as the defendants should select or designate, by writing, within thirty days, and if they should not, within that time, file a selection or designation, it was provided that the court should itself designate and locate the land to be conveyed.

The equitable remedy for the specific performance of contracts is designed to give to a party the thing which he contracted for, where equity requires such relief, rather than damages for a breach of the contract. That can only be done, in the case of a contract for the conveyance of land, when the contract is certain as to

the subject matter, so as to show definitely and with certainty what the purchaser contracted for and what the other party agreed to convey.   If the contract is so uncertain and indefinite that the land cannot be ascertained or identified and the court cannot order a conveyance of the particular land to be conveyed, a specific performance cannot be decreed.   A description of land may be sufficient if a surveyor can locate it with or without the aid of extrinsic evidence, and where a sufficient description is given, parol evidence may be resorted to to locate the premises, but where there is no description, and the uncertainty is patent, parol proof cannot be permitted to show what was intended.   In this case the lots agreed to be conveyed could not be ascertained or identified, and, as a matter of fact, had no existence.   The tract had no two parallel lines and was not divided into lots or blocks.   The only description of the lots was that they were to be in section 8 or 9, in the unsubdivided tract, and there was no provision whether they were to be contiguous or where they were to be located.   The laying out of any part of the tract into lots required further action, and the designation of the particular lots to be conveyed required the action and concurrence of the parties to the contract.   It is not a case where extrinsic evidence could be used to identify and establish a description of premises.   The land might be laid out into lots and the parties might themselves select the particular lots so as to remove the uncertainty of the contract, but that was not done.   There was no attempt to show by the bill what particular lots were to be conveyed, either under the terms of the contract or by other allegation.   By the decree the court ordered the defendants to make a selection of a rectangular tract of land 100 feet wide on the north line of the tract and extending back 150 feet, and in default of their doing so within thirty days, provided that the court itself would designate what land should be conveyed.   In specific performance of a contract the

province of the court is to enforce the contract which the parties have made, and not to make a contract for them and then enforce it. Neither the contract nor the bill furnishes any basis for determining what lots the complainant contracted for nor what lots Claus Eggers and his wife agreed to convey to him. Such a contract as is set out in the bill cannot be enforced by a decree for specific performance. *Shirley* v. *Spencer,* 4 Gilm. 583; *Purinton* v. *Northern Illinois Railroad Co.* 46 Ill. 297; *Hamilton* v. *Harvey,* 121 id. 469; *Winter* v. *Trainor,* 151 id. 191.

The decree of the circuit court is reversed and the cause is remanded to that court, with directions to sustain the demurrer.    *Reversed and remanded.*