THE PEOPLE *ex rel.* J. S. Cameron *et al.*

*v.*

JOHN C. NEW *et al.*

*Opinion filed February 21, 1905.*

1. MUNICIPAL CORPORATIONS—*a petition for organization must describe the contiguous territory.* Under Hurd's Statutes of 1893 (chap. 24, sec. 182,) a petition for the organization of a village must describe "contiguous territory," and if, by reasonable construction and fair intendment, that requirement has not been complied with, all subsequent steps are unauthorized and void, the petition being the foundation of the organization.

2. SAME—*a plat attached to petition for organization is a part thereof.* A plat attached to a petition for village organization, showing the territory to be contiguous, is a part of the petition, and a manifestly erroneous description in the petition which fails to describe contiguous territory by inadvertently using the words "north three-fourths" of a certain section instead of "south three-fourths" should be construed and determined with reference to the plat.

3. SAME—*what does not affect legality of organization.* Under section 7 of article 11 of the City and Village act, if a majority of the votes are in favor of village organization, the proposed village, with the boundaries and names mentioned in the petition, shall be deemed an organized village; and the validity of the organization is not affected by the fact that the notices of election and orders of the county court not strictly required by statute contain a description of the territory in conflict with that contained in the petition, taken as a whole.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

On October 12, 1903, the Attorney General, on the relation of the plaintiffs in error, filed a petition in the nature of *quo warranto* in the circuit court of Ford county against defendants in error, charging them with usurping and exercising the powers and privileges of a body corporate and politic over certain lands in sections 10 and 11, in township 23, north, range 8, east of the third principal meridian, in said Ford county, which lands included the north three-fourths

of the north-east quarter of section 10; that they wrongfully claimed and pretended that said territory had been legally organized into a village named Elliott, and that they wrongfully assumed to act as trustees of the said supposed village of Elliott and assumed jurisdiction over the territory therein described. To the information the respondents filed a plea of disclaimer and five special pleas, setting out the various steps in the organization of the village of Elliott, regular in every respect except that in attempting to describe the south three-fourths of the north-east quarter of section 10 in the petition, by inadvertence and clerical error the word "north" was used instead of the word "south," but the territory of the village was referred to in such petition as contiguous, and a plat of the same made a part thereof, which clearly showed that the use of the word "north" was an error, and that the word "south" was intended. No one resided on the north forty acres and no notices were posted for that territory, but the inhabitants of the south forty acres participated in the election, etc. There was a *similiter* filed to the first plea and a replication to the others, averring that the only proceedings taken to organize the village were for the organization of the territory described in the written petition, which included the north three-fourths of the north-east quarter of section 10 and excluded the south one-fourth thereof, and that the territory in the petition was not an area of contiguous territory. Upon a hearing before the court without a jury there was a finding and judgment for defendants in error, from which judgment a writ of error has been prosecuted.

H. J. HAMLIN, Attorney General, (CLOUD & THOMPSON, and FRANK LINDLEY, of counsel,) for plaintiffs in error.

RAY, DOBBINS & RILEY, and A. L. PHILLIPS, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The plaintiffs in error question the legality of the proceedings for the organization of the proposed village, and the right of the defendants in error to act as village officers thereof, on the sole ground that the petition, by reason of the above mentioned mistake, failed to describe contiguous territory, and therefore the whole proceeding was illegal and void. All other steps in the organization are conceded to have been regular in form and in compliance with the requirements of the statute. The part of the north-east quarter of section 10 intended to be included is the south three-fourths thereof, which is contiguous to other territory described in the written petition. The petition omits forty acres lying almost in the center of the proposed village, surrounded by other lands which are included, while forty acres lying north of the village are included, manifestly contrary to the intention of the petitioners. The statute, however, provides that the petition shall describe contiguous territory, (Hurd's Stat. 1903, chap. 24, sec. 182, p. 306,) and if by reasonable construction and fair intendment that requirement has not been complied with all subsequent steps were unauthorized and void, the petition being the foundation of the organization.

The petition recites that petitioners "are legal voters residing within the following contiguous territory," etc. After describing the territory, which by reason of the mistake is not contiguous, it adds, "a plat of which territory is herewith submitted, marked 'Exhibit A,'" and it is admitted that this plat shows the territory as contiguous, including the south three-fourths of the north-east quarter of section 10, and not the north three-fourths of said quarter section. It is agreed by the parties that a copy of the map or plat as attached to the petition was posted in the post-office in Elliott just before the petition was filed, and remained there until after the election for the organization of the village; that since the election defendants in error have exercised ju-

risdiction and control over all the lands shown on the map and have not exercised any jurisdiction or control over any other lands; that all legal voters residing upon the south three-fourths of the north-east quarter of section 10 who offered to vote on the organization of the village were permitted to do so, and all of the residents in this territory, with one exception, did, in fact, vote, and that there were no persons residing upon the north one-fourth of the north-east quarter of section 10; that village taxes were extended upon all lands shown upon the map filed with the petition.

The controlling question in the case is whether the petition, taken as a whole, sufficiently describes the contiguous territory intended to be incorporated into the village of Elliott; or, in other words, is the plat attached to the petition sufficient to correct the manifestly erroneous written description of territory in section 10. The rule is, that by referring to a plat of lands in a deed the plat becomes a part of the conveyance, as much so as if it had been copied into the deed, and where lands are purchased and conveyed in accordance with a plat the purchaser will be restricted to the boundaries as shown by the plat. (*Piper* v. *Connelly,* 108 Ill. 646; *Louisville and Nashville Railroad Co.* v. *Koelle,* 104 id. 455; *McCormick* v. *Huse,* 78 id. 363; *McClintock* v. *Rogers,* 11 id. 279; *Trustees of Schools* v. *Schroll,* 120 id. 509.) Under this rule the plat or map attached to the petition became a part of it, and the written description, especially as it clearly appears on the face of the petition that the words "north three-fourths" were inadvertently used instead of "south three-fourths," should be construed with reference to the plat. It is true, the foregoing rule is generally applied to deeds of conveyance, but we see no reason why it is not equally applicable to this or any other case where the question of the sufficiency of a description is involved.

It is insisted, however, that even though the description as contained in the petition be held good, yet the election notices, and all the orders entered by the county judge in

pursuance to such organization, contained the same mistake found in the written portion of the petition, and for that reason there is no valid organization under the statute. Section 183 of chapter 24 provides that "upon the filing such petition in the office of the county clerk, it shall be the duty of such judge to perform the same duties in reference to fixing the time and place of such election, giving notice appointing judges thereof, as is above required to be performed by the president and trustees in towns already incorporated." The duties to be performed by the president and trustees of towns already incorporated refer to the fixing a time and place within such town for holding the election and the appointment of the judges, and the giving notice of the time, place and purpose of such election by causing at least five notices thereof to be posted in public places in such town for at least fifteen days prior to the holding of such election. Section 184 of the same chapter provides: "If a majority of the votes cast at such election is for village organization under the general law, such proposed village, with the boundaries and name mentioned in the petition, shall, from thenceforth, be deemed an organized village under this act," etc. The statute does not specifically require that the election notice shall contain a description of the proposed territory, but even if it did, under section 184, if a majority of the votes cast at the election were in favor of village organization, the lands as described in the original petition would be deemed the lands included within the limits of the proposed village. If the land was correctly described in the petition then all other notice in conflict with it would be deemed surplusage, as would all orders entered by the county court which were not strictly required by the statute.

The rulings of the court upon the propositions of law governing the case were in accordance with the views herein expressed, and the judgment will therefore be affirmed.

*Judgment affirmed.*