(No. 15628.—Decree affirmed.)

D. M. WEBER, Appellant, *vs.* W. S. ADLER *et al.* Appellees.

*Opinion filed February 19, 1924—Rehearing denied April 2, 1924.*

1. SPECIFIC PERFORMANCE—*contract for conveyance must be in writing to satisfy the Statute of Frauds.* To satisfy the Statute of Frauds and enable a party to a contract for a conveyance to enforce specific performance of it the contract must be in writing, and while no particular form is necessary, the contract, or some memorandum or note thereof, must be complete in itself and can not rest partly in writing and partly in parol.

2. SAME—*contract must contain sufficient description of property to be conveyed—extrinsic evidence.* A contract for a conveyance must on its face describe a particular tract of land, and if the description is uncertain and requires parol evidence to locate the property specific performance cannot be decreed, but if the contract contains a definite description and there is a latent ambiguity, so that it may apply to different pieces of property, it is sufficient if the property can be located with the aid of extrinsic evidence.

3. SAME—*when a description is sufficiently definite.* A description in a contract for a conveyance is sufficiently definite when it will enable a surveyor, by the aid of extrinsic evidence, to locate the property.

4. SAME—*when contract cannot be enforced because of insufficient description—extrinsic evidence.* Where the description of property to be conveyed is not sufficient, on the face of the contract, to locate the property, and there is no reference to ownership, occupation or any other fact to render the description definite, there is a patent ambiguity which cannot be cured by extrinsic evidence, and specific performance cannot be decreed.

5. EVIDENCE—*what is a latent ambiguity.* A latent ambiguity occurs where a writing appears on its face clear and unambiguous but which, in fact, is shown by extrinsic evidence to be uncertain in meaning, or where a description apparently plain and unambiguous is shown to fit different pieces of property; and in such case, the ambiguity being raised by extrinsic evidence, the same kind of evidence may be admitted to explain it or identify the property referred to in the writing.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, (DAVID LEVINSON, and HENRY S. MOSER, of counsel,) for appellant.

JEROME J. CERMAK, and MATTHIAS CONCANNON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county sustained demurrers of the appellees, W. S. Adler, John V. Fox and Mary C. Fox, to the second amended and supplemental bill of the appellant, D. M. Weber, in which he prayed the court to decree specific performance of an alleged contract by which the appellee Adler agreed to convey to him real estate therein described. The appellant elected to stand by the bill and it was dismissed for want of equity.

The facts stated in the bill and admitted to be true for the purpose of testing their sufficiency to require specific performance were as follows: On April 14, 1919, the complainant and Adler entered into the following written agreement:

*"April 14, 1919.*

"I, W. S. Adler, agrees to sell and deliver, and Dave Weber agrees to buy, the 76 ft. east of the 38 ft. facing north on Lawrence Ave. E. of Robey St., with one frame barn, improvements thereon, for the sum of nine thousand dollars, ($9000,) one hundred dollars ($100) of which is paid to me, subject to the following conditions: 1st, $2400 in cash; 2d, $1350 to be paid in 2 years; 5150 in 5 years, at 6%. Buyer to assume 1918 tax and all special assessments. I agree to deliver property to Dave Weber if I can procure from the creditors or John Fox clear title the above property.
Dave Weber, by A. Mincer, Attorney in fact.          W. S. ADLER.

"Papers to be dated May 1, 1919."

Upon the signing of the agreement complainant paid Adler as earnest money $100. John V. Fox was the owner in fee of two lots in a re-subdivision of lots in Ravenswood, particularly described in the bill and known as 1961-63-65 Lawrence avenue, Chicago, which were the subject of negotiation between the parties for the purchase of the same, and Adler was the owner of notes executed by Fox, secured by a trust deed on the premises. Fox had made default in the payment of interest and principal due and had failed to pay taxes as required by the trust deed, and during the negotiations Adler informed complainant of the trust deed and default. A short time after the execution of the contract Adler filed his bill of complaint in a court in Cook county for foreclosure of the trust deed, and a decree was entered ordering a sale of the premises, which were sold, and Adler became the purchaser. After the expiration of the period for redemption the master in chancery on May 5, 1921, conveyed the premises to Adler. After May 5, 1921, complainant often requested Adler to carry out the terms of his agreement and convey the property to him and offered to pay the sums required to be paid under the

agreement, and Adler refused. On February 21, 1922, complainant tendered to Adler his note dated April 14, 1919, for $5150, due five years after date, with interest at six per cent, secured by a trust deed, and also $4500 in United States gold certificates, which was the total amount due at the date of the tender, and demanded a good and sufficient warranty deed, and Adler refused to convey the property. The complainant had been informed that Fox claimed some right, title or interest in the property under an alleged contract of purchase between him and Adler dated May 17, 1921. Mary C. Fox was the wife of John V. Fox, and Fox had been in possession of the premises since the date of said contract.

To satisfy the Statute of Frauds and enable a party to a contract to enforce specific performance of it the contract must be in writing, and while no particular form is necessary, the contract, or some memorandum or note thereof, must be complete in itself and cannot rest partly in writing and partly in parol. (*Shirley* v. *Spencer,* 4 Gilm. 583; *Doty* v. *Wilder,* 15 Ill. 407; *McConnell* v. *Brillhart,* 17 id. 354; *Farwell* v. *Lowther,* 18 id. 252; *Purinton* v. *Northern Illinois Railroad Co.* 46 id. 297; *Hamilton* v. *Harvey,* 121 id. 469; *Winter* v. *Trainor,* 151 id. 191; *Rampke* v. *Beuhler,* 203 id. 384; *Wetmore* v. *Watson,* 253 id. 88.) The contract must on its face describe a particular tract of land, and if the description is uncertain and requires parol evidence to locate the property specific performance cannot be decreed, but if the contract contains a definite description and there is a latent ambiguity, so that the contract may apply to different pieces of property, it is sufficient if the property can be located with the aid of extrinsic evidence. A description is sufficiently definite when it will enable a surveyor, by the aid of extrinsic evidence, to locate the property. (*White* v. *Hermann,* 51 Ill. 243; *Fowler* v. *Fowler,* 204 id. 82; *Baker* v. *Puffer,* 299 id. 486.) Where the description contains a patent ambiguity or one which

appears on the face of the writing itself, the uncertainty in the description cannot be cured by extrinsic evidence. A latent ambiguity occurs where a writing appears on its face clear and unambiguous but which, in fact, is shown by extrinsic evidence to be uncertain in meaning, or where a description apparently plain and unambiguous is shown to fit different pieces of property, and in such case, the ambiguity being raised by extrinsic evidence, the same kind of evidence may be admitted to explain it or identify the property referred to in the writing. (*Doyle* v. *Teas*, 4 Scam. 202; *Marshall* v. *Gridley*, 46 Ill. 247; *Fisher* v. *Quackenbush*, 83 id. 310; *Evans* v. *Gerry*, 174 id. 595; *Harman* v. *People*, 214 id. 454.) In this contract the property is described as "76 ft. east of the 38 ft. facing north on Lawrence Ave. E. of Robey St." The contract is not dated at any place, so that there is no inference to be drawn from the face of the contract as to city, county or State. There is no reference to ownership, occupation, or any other fact which would make the description apparently definite and by which it could be applied to some specific piece of property. The description on the face of the contract could be applied to any property east of 38 feet facing north on Lawrence avenue. The 38 feet is in no manner connected with Robey street except that it is east of that street. While Robey street and Lawrence avenue could be located and as to them there was no ambiguity on the face of the contract the relation of the property to them was not definite. The description on its face was not definite and the ambiguity was patent and could not be explained by extrinsic evidence as to what the parties meant.

The contract did not fix a time for performance except by the words, "Buyer to assume 1918 tax and all special assessments," which meant payment of such tax and assessments, and by the memorandum, "Papers to be dated May 1, 1919." Adler did not have the title on May 1, 1919,

nor for two years afterward, but questions arising out of the time of performance and other matters of that kind are not considered, since the contract could not be enforced.

The decree is affirmed.            *Decree affirmed.*