(No. 19840.—

THE PEOPLE *ex rel.* Mack Shrontz *et al.* Appellants, *vs.*
CHARLES B. ASTLE *et al.* Appellees.

*Opinion filed December 20, 1929.*

T. R. JOHNSTON, State's Attorney, HUNTER & MINOR, and V. A. PARISH, for appellants.

E. P. HARNEY, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

T. R. Johnston, State's attorney, on the relation of Mack Shrontz and Jesse Hayden, filed in the circuit court of Kankakee county a petition for leave to file an information in

*quo warranto* against Charles B. Astle, Charles A. Violet, John V. Lewis, Harry Hoag and Alfred H. Murray, alleging that they were unlawfully usurping the office of trustees of a district known as the Momence Conservancy District; that the relators were residents and tax-payers within the territory over which said respondents were usurping jurisdiction and acting as the board of trustees of such pretended district, and, among other things, alleging that the description of the boundaries of the district as contained in the order of the county court organizing it is so indefinite, vague and incorrect that it is impossible to ascertain therefrom such boundaries, and that the same is therefore void; that the official ballot used at the election in the district was void because it contained the same description of the district as that set forth in the order of the court; that the notice of election was void for the same reason; that the members of the purported board of trustees were preparing to construct a dam across the river at Momence, wherein they were unlawfully, without any warrant or authority, exercising jurisdiction as a board of trustees of the proposed conservancy district, which does not exist in law. The respondents filed a plea of justification, setting up in full all of the proceedings and records relative to the organization of the Momence Conservancy District in the county court of Kankakee county, Illinois. A demurrer was filed by the relators to the plea, and the same upon hearing was overruled by the court. The respondents then filed a replication to the plea re-affirming the usurpation, and upon a hearing of the case the court quashed the writ and rendered judgment against appellants for costs.

The main question involved in this appeal is whether the organization of the district was void because the boundaries of the district as stated in the order of the county court fixing the boundaries thereof, in the notice of election for such organization and in the official ballot used at such election, were indefinite. So much of the description

of the boundaries as is here in question is as follows: "Beginning at a point in the west line of section 24, township 31 north, range 13 east of the third principal meridian, Kankakee county, Illinois, which is 660 feet south of the northwest corner of said section, and running thence south along the said west line of section 24 to the west one-quarter corner of said section 24; thence east along the east and west one-quarter section line of said section 24 to the west line of the Manufacturer's addition to the town of Momence; thence south to the south line of Indiana street, in the said Manufacturer's addition to the town of Momence; thence east along the south line of Indiana street aforesaid a distance of 156 feet; thence south a distance of 160 feet to the south line of the said Manufacturer's addition to the town of Momence; thence east along the said south line of the Manufacturer's addition to the town of Momence to the east line of section 24 aforesaid; thence south along the east line of said section 24, which is also the west line of section 19, township 31 north, range 14 east of the third principal meridian, Kankakee county, Illinois, to a point which is 743.25 feet south of the west one-quarter corner of said section 19; thence east along the east and west one-quarter section line of said section 19 to the north and south one-quarter section line of said section 19; thence north along the north and south center line of said section 19 to the southwest corner of the northwest one-quarter of the northeast one-quarter of said section 19."

It is the contention of appellants that there is an error in the description of the south boundary of the district which is apparent on the face of such description, and that it is manifestly impossible to go from a point 743.25 feet south of the west quarter corner of section 19 east along the east and west quarter section line of section 19 to the north and south quarter section line of section 19. It is obvious that the call of the description in the order of the court fixing the boundaries of the district cannot be literally

complied with. Appellees' contention is that when the description says "east along the east and west quarter section line of section 19" it does not mean "on" the east and west quarter section line of section 19 but means that the line should be run due east along and parallel with the east and west quarter section line of section 19 from the point "743.25 feet" to the north and south quarter section line of section 19; that it is not necessary to give the point on the north and south quarter section line of section 19 in feet or rods where the line ends, as the line runs due east from the point "743.25 feet" to the north and south quarter section line of section 19; and they contend that where the distance sought to be ascertained is between the two designated points and there is nothing in the context or subject to indicate the manner in which the measurement is to be ascertained, distance is to be measured in a straight line in a horizontal plane, and cite *County of Stark* v. *County of Henry,* 326 Ill. 535. That case, however, has no application to the instant one, as in this case we have not only two designated points but there is a statement in the context to indicate the manner in which the measurement is to be ascertained. Neither would a line drawn from a point 743.25 feet south of the east and west quarter section line of section 19 due east and at right angles to the north and south quarter section line of section 19 be, as required by the order, "east along the east and west one-quarter section line of section 19."

The general rules of construction as applied to deeds and grants are applicable in the case of corporate boundaries. (*Western Maryland Railroad Co.* v. *Baltimore,* 106 Md. 561; *Central Irrigation District* v. *DeLappe,* 79 Ga. 351.) In the court's order the word "along" is used as a preposition, and as such is defined by Webster's New International Dictionary as "by the length of; lengthwise of, implying motion or extension upon, or at or near, the side of, according to the context—distinguished from across;

as, a grant of a privilege to construct a railroad along a street means upon it without reference to position at its middle or side, but a privilege to construct a road along a stream or body of water means at the side of it but not over it." In a deed of land, where the boundaries are stated in general words to be along, on or by a bank, ditch, highway, road, street, stream, pond, harbor, seashore or other object of some width, "the grantee is generally *prima facie* presumed to grant all his interest to the center object so named or to the low-water mark, as the case may be, unless by some specific limitation the object is excluded." Webster's New Int. Dict.

Counsel for appellees has cited authorities to the effect that in the description of land in conveyances and judicial proceedings, if it can be made certain by rejecting that which is repugnant or false it will be done so as to effectuate the intention of the parties, and that where there are two descriptions of the property, the one, as it were, superadded to the other, and one description being complete and sufficient of itself, and the other, which is the subordinate and superadded, is incorrect, the incorrect feature or circumstance of the description is rejected as surplusage and the complete and correct description is allowed to stand alone, and that in accordance with the rule so laid down the words "along the east and west one-quarter section line of section 19" should be eliminated as surplusage. Such rule can not be here applied, as the part sought to be eliminated is neither meaningless nor surplusage, as it is only by its use that the junction point on the north and south quarter section line of section 19 can be ascertained. That the word "along" was not used as a synonym for "parallel with" is evidenced by the fact that it is previously used in the description of the boundaries five times as synonymous with "on."

In a conveyance any description by which the property may be identified by a competent surveyor with reasonable

certainty is sufficient. (*People* v. *Southern Gem Co.* 332 Ill. 370; *Bimslager* v. *Bimslager*, 323 id. 303; *Fuller* v. *Fuller*, 315 id. 214.) Where, however, as in the instant case, the description contains a patent ambiguity,—*i. e.*, one which appears on the face of the writing itself,—the uncertainty in the description cannot be cured by extrinsic evidence. (*Weber* v. *Adler*, 311 Ill. 547; *Rampke* v. *Beuhler*, 203 id. 384.) In orders fixing the boundaries of a conservancy district and establishing such district, the lines designated in such orders as constituting the boundaries must meet so as to completely enclose the lands of such district, so that it may be readily seen what lands are comprised within the boundaries of such district. In the instant case they do not do so.

It is contended by appellees that the county court had jurisdiction of the parties and of the subject matter of organizing the conservancy district, and therefore the judgment entered by it cannot be reviewed, reversed or set aside except by direct review by an appellate tribunal. Where, in such case, an order valid upon its face is entered, *quo warranto* will not lie no matter what errors may have intervened, but where such order shows upon its face that it is void and that the boundaries of the district have not been established, then *quo warranto* is a proper remedy. (*People* v. *Anderson*, 239 Ill. 266; *People* v. *Swearingen*, 273 id. 630.) No valid order establishing the conservancy district and the boundaries thereof having been entered by the county court, the circuit court was in error in rendering judgment against appellants.

The judgment of the circuit court is reversed and the cause remanded.                    *Reversed and remanded.*