EDWARD GARD *et al.,* Plaintiffs-Appellees, *v.* CONRAD W. BOSCH *et al.,* Defendants-Appellants.

(No. 72-6;

Third District—April 13, 1972.

J. Michael Mathis, of Peoria, for appellants.

Michael O. Gard and Fred V. Stiers, both of Peoria, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Edward Gard, *et al.*, Plaintiffs-Appellees, commenced this action in the Circuit Court of Peoria County seeking to enjoin the Village of Bellevue and Conrad Bosch, Defendants-Appellants, from rezoning an 80 acre tract owned by Bosch. Pursuant to plaintiffs' motion and after notice and hearing the court temporarily enjoined the defendants from proceeding with the rezoning and it is from such temporary order that this appeal follows.

This is but the most recent chapter in the long standing controversy with respect to the annexation of the Bosch property to the Village of Bellevue. The most recent episode which is the basis of this appeal commenced in October 12, 1971, when the Board of Trustees of the Village of Bellevue enacted an ordinance annexing the Bosch tract to the Village. According to Ill. Rev. Stat. 1969, ch. 24, par. 7—1—5, the annexation ordinance became final on the expiration of 30 days after its enactment unless public referendum was sought within such time period pursuant to the provisions of Sections 7—1—5 and 7—1—6. The referendum provision provides that a petition be signed by voters equal to

10 percent of the total vote cast for the office of President of the Village Board at the last general municipal election.

As alleged in the complaint it is plaintiffs' theory that a proper petition seeking a referendum was properly presented to the corporate authorities thereby requiring the Village to submit the question of annexation to public referendum. In advance of submitting the annexation to a referendum and receiving approval thereof any rezoning of the purportedly annexed property was premature and contrary to law. Both parties have agreed that the propriety of the trial court's action in entering the temporary injunction depends on whether the Village was properly notified of the request for referendum and whether the petition seeking such referendum was sufficient.

The basic facts are substantially undisputed. According to the testimony of the attorney for plaintiffs a petition seeking referendum had been prepared and circulated among the citizens of Bellevue and one hundred twenty four signatures (more than required by law) had been secured. The Board of Trustees of the Village of Bellevue meets regularly twice a month and its second regular meeting after October 12, 1971, was on November 9, 1971. The meeting starts at 7:30 P.M. and according to the attorney for the plaintiffs the meeting usually lasts for at last an hour and a half, the statement being based on the attendance by the attorney at a number of the Village's Board meetings during the last year. According to the attorney he took the referendum petition to the meeting place of the Village Board at about 8 o'clock P.M. but when he arrived the meeting had already adjourned. He talked to two Village Trustees and the Village Attorney concerning the acceptance of the referendum petition. Each refused to accept the petition claiming he had no authority to do so. The attorney then called at the home of the Village Clerk but found no one at home. He then went to the home of the Village President where he talked with the President's wife. She informed him that the Village President was not home and that she had no authority to accept any documents. Thereupon the attorney left the petition on a chair on the enclosed porch and asked the President's wife to give it to him when he returned. This was the 28th day after the enactment of the annexation ordinance. Two days later the attorney wrote letters to the Trustees and other Village officials advising them of what he had done and indicating that he believed he had complied with the statute providing for referendum and that the question should be submitted for referendum.

Both the petition and letter were ignored and thereafter defendant Conrad Bosch filed a petition to have the premises rezoned and schedul-

ing the same for hearing. The pendency of the zoning proceedings precipitated this action.

It is appellants' argument that a referendum petition was not "presented to the Corporate Authorities" as required by par. 7—1—6 of ch. 24, Ill. Rev. Stat. 1969, and additionally that the petition is insufficient because it describes the wrong property.

The provision of the statute requiring that the petition be "presented to the Corporate Authorities" does not appear to have received prior consideration by courts. Indeed even though the defendants argue that the notification procedure employed by the plaintiffs was wrong there is no particular method of notification which the defendants believe is one required or contemplated by the statute. Defendants urge that plaintiffs should have notified the Village Board of their intent to appear before the Board or should have given notice by certified mail or made other efforts to present the petition to the Clerk or Village President. When all of these alternatives are considered it is clear that they are not specified in the statute and therefore can not be considered necessarily more appropriate than the method employed.

■■ In our judgment the propriety of the notification must be determined with due regard for the existing circumstances and the purpose of the procedure. The referendum proceeding was not a new, separate or independent action. It related to the annexation of property which had been the subject of recent action by the corporate authorities and the potentiality and in this case the probability of subsequent referendum proceedings was already known to the corporate authorities. Under these circumstances we believe that substantial compliance is sufficient to properly notify the corporate authorities of the referendum request and it is further our view that the facts disclosed are sufficient to constitute substantial compliance. In this connection it should be noted that no claim was made by the corporate authorities that they did not have actual notice of the referendum request.

Next the appellants argue that the petition described the wrong property and hence was an insufficient basis to require submission of the annexation question to a referendum. The caption of the petition admittedly describes the property correctly. However in the body of the petition the legal description contains the reference to "Southwest Quarter" rather than "Northwest Quarter".

■■ As a general rule the precision required of a legal description of real estate depend upon purpose of the document, the risk of harm and the likelihood that the parties dealing with such document will be misled, injured or prejudiced. Descriptions of municipal boundaries do

832

not require the same specificity as may be required in deeds. (*People ex rel. Cameron v. New*, 214 Ill. 287, 73 N.E. 362.) The mistake is patent and the erroneous reference in the body does not even describe property contiguous to the Village. When the description in the body of the petition as well as that in the caption are considered in connection with the annexation ordinance there can be no doubt as to what property was intended and there is additionally no showing that there was any reliance on such mistake to anyone's detriment. *People ex rel. Village of Worth v. Ihde*, 23 Ill.2d 63, 177 N.E.2d 313.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.