*In re* PETITION FOR ANNEXATION OF CERTAIN TERRITORY TO THE CITY OF NAPERVILLE, WILL AND DU PAGE COUNTIES.—(ROBERT S. CARR *et al.,* Objectors-Appellants, *v.* WILLIAM BONNEMA *et al.,* Petitioners-Appellees.)

(No. 73-317; )

Third District—December 31, 1974.

Saxon, Niznik & Peterson, of Plainfield (John E. Peterson, of counsel), for appellants.

Thomas, Wallace, Feehan & Baron, Ltd., of Joliet (James T. Bradley, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This case is an action for annexation of territory to the City of Naperville, Illinois, upon written petition by owners of record and electors pursuant to section 7—1—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—2). The appellants filed written objections which were overruled after hearing on the petition. An order was entered directing the question be submitted to the corporate authorities of the City of Naperville. Appeal is taken from the orders denying appellants' objections and from the order of court submitting the question of annexation to the corporate authorities. Appellants sought to have their property excluded on the ground that it was on the perimeter of the territory sought to be annexed.

The territory sought to be annexed comprises about 360 acres of land, 80 of which are in Du Page County and the remainder in Will County. None of the land in Will County has a contiguous boundary with the corporate limits of the City of Naperville. The extreme western edge of the Du Page County land has a common boundary with Naperville for a distance of about 1320 feet.

The first issue arises from the fact that the petition was filed in the Circuit Court of Will County and the territory in question is located in both Will and Du Page Counties. The Illinois annexation statute provides "[a] written petition * * * shall be filed with the circuit court clerk of the county in which the territory is located * * *." (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—2.) It is appellants' contention this statute clearly expresses the legislative intent not to authorize combined county annexation by electors or landowners. They argue against appellees' contention that this was a legislative oversight by citing other statutes where multi-county proceedings are expressly provided for. They also cite out-of-state cases which have questioned the wisdom of cross-county annexation. Their argument is the court lacked jurisdiction to consider the petition due to petitioner's failure to comply with the statute.

Appellees argue multi-county annexation proceedings are proper in the circuit court of the county where the greater portion of territory to be annexed is located. Their first argument is the provisions of the Civil

Practice Act shall apply to supplement the procedural provisions of the Annexation Act where the latter is silent (*In re Annexation to Bradley,* 30 Ill.App.2d 391, 174 N.E.2d 710, and the Civil Practice Act Ill. Rev. Stat. 1973, ch. 110, par. 1, "* * * but this Act applies as to matters of procedure not so regulated by separate statutes"). Appellees' argument is appellants' motion was for dismissal on the ground that the action was commenced in the wrong county and that even if it be assumed that the annexation petition was filed in the wrong venue it cannot be dismissed on the grounds of wrong court or venue.

■■ The controversy here can be resolved by liberally construing the annexation statute to mean the petition is to be brought in the circuit court of the county where the greater portion of territory to be annexed is located. Such interpretation is supported by the provisions and purpose of the Civil Practice Act and by the fact that there is no statutory prohibition against multi-county annexation proceedings.

Appellants' second principal contention is where the objectors' land is located on the perimeter of the territory sought to be annexed, the objector did not desire annexation, and the exclusion of the objectors' land would not have destroyed the contiguity of the territory sought to be annexed, then, upon proper objection, the trial court should have ordered the objectors' land be eliminated from the annexation petition as a matter of law. Appellees' contention is exclusion of appellants' property would have destroyed the dependent contiguity for the remaining territory to be annexed.

■■ The issue is whether the exclusion of the major portion of objectors' land would destroy the required contiguity between the annexing corporation and the land sought to be annexed. As was stated previously, total land area in the portion sought to be annexed is 360 acres of which 80 are in Du Page County, the county of the annexing municipality, Naperville. The 80 Du Page County acres lie directly east of Naperville. Objectors' land lies directly south of the eastern 40 acres of the Du Page County land and is therefore on the eastern extremity of the land sought to be annexed. The portion of their land to which they have no objection to annexation is characterized by objectors as being 75 feet in depth and 1320 feet in length. It should be noted that this 75-foot strip along the western side of their 40-acre tract consisted of at least 33 feet of right-of-way lying in an existing road, and therefore only a 42-foot corridor is left on the east side of the road. This portion of objectors' land is all that connects the land to the north with the land to the south, because the Will County land directly south of the western half of the Du Page County land is not part of the territory sought here to be annexed. What appellants are asking for on appeal is

for this court to upset the trial court's finding that the removal of the major portion of objectors' land from this annexation proceeding would destroy the requisite contiguity. Appellants contend the 75 feet by 1320 feet portion of the western section of their land would constitute a touching or adjoining in a reasonably substantial physical sense of the land to the south with the land to the north. Appellants cite *In re Annexation to South Barrington*, 7 Ill.App.3d 958, 289 N.E.2d 1, for the proposition that irregularity of the resulting boundaries in itself is not a fatal defect in determining contiguity. In that case, however, the land to be annexed touched the annexing village for over 3700 feet, whereas in the case at bar the section in question is considerably smaller and in fact does not touch the annexing village but merely links two tracts of land one of which adjoins the annexing Naperville. It should also be noted the *South Barrington* case sets forth other established principles of law such as "* * * the line of demarcation between the reasonableness or unreasonableness of a contiguity must be drawn from the facts of each case. * * * The finding of the trial court as to contiguity or lack of it will not be disturbed on appeal unless it is manifestly against the weight of the evidence." 7 Ill.App.3d 358, 363.

It certainly cannot be stated here as a matter of law that the trial court's finding that the removal of the greater portion of appellants' land would destroy the required contiguity was manifestly against the weight of the evidence. It might also be mentioned that it appears what appellants are attempting to do is to substantially avoid having their lands annexed while at the same time retain any benefits of annexation to all their land by allowing a small portion of it to be annexed.

For the foregoing reasons, the orders of the Circuit Court of Will County are affirmed.

Orders affirmed.

ALLOY and DIXON, JJ., concur.