30 Ill.2d 385 (1964)
198 N.E.2d 97
THE PEOPLE ex rel. The Village of South Barrington et al., Appellees,
v.
THE VILLAGE OF HOFFMAN ESTATES et al., Appellants.
No. 38097.
Supreme Court of Illinois.
Opinion filed January 22, 1964.
Modified on denial of rehearing, March 16, 1964.
*386 PETER G. SCHULTZ, of Evergreen Park, and JACOB SHAMBERG, of Chicago, for appellant Village of Hoffman Estates; PHILIP R. TOOMIN, of Chicago, for other appellants.
BYRON S. MATTHEWS, of Chicago, for appellee Village of South Barrington.
DEMING, KELLY AND KANE, of Chicago, (DAVID L. TRUNINGER, of counsel,) for appellee Village of Barrington Hills.
KING, ROBIN, GALE & PILLINGER, of Chicago, (J. WILLIAM BRAITHWAITE and EDWARD G. GREEN, of counsel,) for other appellees.
Judgment reversed.
Mr. JUSTICE DAILY delivered the opinion of the court:
This is a quo warranto action filed in the circuit court of Cook County by the People, upon the relation of the village of South Barrington and forty-two individuals, against the village of Hoffman Estates to determine the validity of certain annexations to the latter municipality. The village of Barrington Hills and three other individuals were allowed to intervene as plaintiffs, and H-H Ranch, Inc., a corporation, and five natural persons were permitted to join in the proceedings as defendants. Upon plaintiffs' motion for summary judgment, and from the supporting affidavits, the lower court determined that the annexations were invalid and ordered the ouster of the village of Hoffman Estates. The trial judge has certified that the validity of municipal ordinances is involved and that public interest requires direct appeal to this court.
Prior to November, 1961, the northerly boundary of the village of Hoffman Estates extended for almost three miles along the south line of the Northern Illinois Toll Highway which, at that location, ran in an east-west direction. From that time, however, and continuing through September, *387 1962, various parcels situated immediately north of the tollway and across from what had formerly been the northerly boundary of Hoffman Estates, including that portion of the Barrington Road which ran over the tollway at this point, were annexed by ordinance to the village of Hoffman Estates so as to extend for a distance of approximately three miles along the north side of the tollway. In June, 1962, certain of the present relators tried unsuccessfully to annex a portion of this same property to the village of South Barrington, whereupon they requested both the Attorney General and the State's Attorney of Cook County to institute quo warranto proceedings, but without avail. The present action was then filed by leave of court.
Section 7-1-1 of the Municipal Code, (Ill. Rev. Stat. 1961, chap. 24, par. 7-1-1,) provides that territory which is contiguous to a municipality may be annexed if not within the corporate limits of another municipality, and section 7-1-10, (Ill. Rev. Stat. 1961, chap. 24, par. 7-1-10,) also allows the annexation of contiguous streets and highways which are under the jurisdiction of the Department of Public Works and Buildings of the State of Illinois, or of a county or township highway department. Tollways are not, however, included under the provisions of the latter statute and there was no attempt to annex the tollway in the present case. Thus, the determinative question now presented is whether the territory annexed to the village of Hoffman Estates was "contiguous" within the meaning of the Municipal Code.
The fundamental notion of a municipal corporation is that of unity and continuity, not separated or segregated area; a group of people gathered together in a single mass. (37 Am. Jur., p. 644.) This necessity for unity of purpose and facilities forms the very basis for the requirement of contiguity. Although the actual joining of territory is in most cases necessary to provide this community of interest, there may be certain instances where, because of physical *388 obstructions such as navigable rivers or waterways, extended boundary contact between the municipality and the annexed area is impossible. Such does not, however, in all instances mean that there is no single community or that the tracts are not contiguous. 37 Am. Jur., p. 645.
In the present case the area lying north of the tollway is physically separated from the village of Hoffman Estates except for the Barrington Road, but it parallels the northerly boundary of the municipality for a distance of almost three miles. Although the strip separating the two areas is only three hundred feet in width, it constitutes a tollway which by statute is made immune from annexation. It does not necessarily follow, however, that the two areas should not be governed as a single community. Since the portion of Barrington Road annexed by the village of Hoffman Estates was part of the county road system prior to its annexation by the village, it did not lose its character as part of the system because of the construction of the bridge by the Toll Road Commission carrying it over the tollroad. (City of Chicago v. Sanitary Dist. 404 Ill. 315, 323.) Access may be had to the annexed territory by means of the Barrington Road, and from the affidavits filed in the trial court it appears that Hoffman Estates is already affording police protection, garbage removal, and performing other municipal functions in the area in question. Under these circumstances we believe the annexed territory was contiguous to the village of Hoffman Estates within the meaning of the Municipal Code.
To decide otherwise would be to deny to those communities, which by chance may be bounded by a tollway, the opportunity to acquire additional tracts which it may need for existing municipal purposes and for natural growth. It might also forever deny those persons living across the tollway the opportunity to enjoy the services and facilities which a municipality can offer, or encourage the formation of numerous small and competing local governments having *389 a duplication of effort and affording limited services. Although this question has not been previously posed to this court, it has in at least two instances been considered by our Appellate Courts. In Village of Flossmoor v. Mutual Nat. Bank of Chicago, 23 Ill. App.2d 440, the territory sought to be annexed was adjacent to and parallel with the village but physically separated by the west half of the avenue which marked their common boundary. Nevertheless, the areas were held to be contiguous. A similar decision was rendered in People ex rel. Henderson v. City of Bloomington, 38 Ill. App.2d 9, (petition for leave to appeal denied, 26 Ill.2d 627,) wherein the area annexed was situated across U.S. Route 66 freeway from the city.
Although other points are raised, in view of our present holding their consideration is no longer necessary. For the reasons stated, the judgment of the circuit court of Cook County is reversed.
Judgment reversed.
Mr. JUSTICE UNDERWOOD took no part in the consideration or decision of this case.
Mr. JUSTICE SCHAEFER dissenting:
From the opinion of the majority it would appear that the problem presented by this case is an entirely new one, and that there are no applicable precedents in this court. That is not the situation. There are many such precedents, but they all look the other way. They can not be distinguished, and to disregard them will only breed confusion and unnecessary litigation.
The statute only authorizes a municipality to annex territory that is contiguous to it. (Ill. Rev. Stat. 1961, chap. 24, par. 7-1-1.) The Village of Hoffman Estates lies south of the toll road, and the territory that it seeks to anex lies north of the toll road. The territory that is contiguous to the village is the toll road right of way, which separates the village from the territory it seeks to annex. *390 The toll road and the territory across it can not both be contiguous to the village. If the toll road was an ordinary street or highway it could be annexed under the provision of the statute which authorizes the annexation of contiguous territory that is dedicated or used for street or highway purposes. (Ill. Rev. Stat. 1961, chap. 24, par. 7-1-10.) But the toll road is not an ordinary highway, and the differences, which relate directly to the feasibility of furnishing adequate and comprehensive municipal services, have been recognized both by this court, which has held that the toll road is not a street or highway within the meaning of the statute, (People ex rel. Clark v. Village of Wheeling, 24 Ill.2d 267,) and by the General Assembly, which has prohibited the annexation of toll roads without the permission of the Toll Road Commission. (Ill. Rev. Stat. 1961, chap. 24, par. 7-1-2.) In this case the Toll Road Commission did not grant permission, but instead condemned these annexations and actively sought to prevent them.
Since the contiguous territory can not be annexed, the village sought to reach the territory it wanted by way of the bridge that carries Barrington Road north beyond the limits of the Village of Hoffman Estates, and over the tollway right of way. That is the only connection with the territory sought to be annexed, and it is insufficient under the statute and the decisions of this court construing it. "The intent of the legislature, as expressed by the word `contiguous,' is that the territory to be annexed must have a substantial common boundary." (Spaulding School District No. 58 v. City of Waukegan, 18 Ill.2d 526, 529.) And in Western National Bank of Cicero v. Village of Kildeer, 19 Ill.2d 342, 352, we held that "* * * in order to be considered contiguous within the meaning of the statute, the tracts of land in the territory must touch or adjoin one another in a reasonably substantial physical sense."
While a municipality may annex a highway that parallels its border, (Ill. Rev. Stat. 1961, chap. 24, par. *391 7-1-10,) the annexation of a highway projecting beyond the limits of the municipality will not support the annexation of territory that is contiguous to the highway so annexed. As this court held in People ex rel. Adamowski v. Village of Streamwood, 15 Ill.2d 595, at 601, "The law, as above quoted, provides for the annexation of territory, even if it is dedicated for street or highway purposes, if the territory is contiguous to the municipality and is not part of any other municipality. The word `contiguous,' as used in that statute, must be defined in keeping with what was the obvious intention of the legislature, which was to make it permissible for a municipality to annex a roadway where, for example, a roadway separates a municipality from territory just the other side of the roadway, which the municipality needs for existing municipal purposes and for natural growth, even though no part of the roadway already lies within the municipality. Contiguous, for any reasonable interpretation of section 7-8 of the Revised Cities and Villages Act, must mean contiguous in the sense of adjacent to and parallel to the existing municipal limits * * *." And again in People ex rel. Village of Worth v. Ihde, 23 Ill.2d 63, at 69, we said: "* * * these properties were contiguous with Worth only by reason of its 1956 annexation of Southwest Highway for a distance of approximately one-half mile beyond the village boundaries, and the validity of their inclusion is entirely dependent upon the propriety of the highway annexation. We had occasion to recently consider a similar situation in People ex rel. Adamowski v. Village of Streamwood, 15 Ill.2d 595, wherein we held that such annexations of highways beyond the corporate limits did not satisfy the requirement of contiguity specified by the Revised Cities and Villages Act (Ill. Rev. Stat., chap. 24, par. 7-8.) Therefore, in accordance with that decision, we must now hold these highway and property annexations invalid and no bar to the subsequent incorporation."
*392 While the majority opinion totally disregards these pertinent authorities, it refers to the suggestion in 37 American Jurisprudence 645, (Municipal Corporations, sec. 27) that there are "certain instances where, because of physical obstructions such as navigable rivers or waterways, extended boundary contact between the municipality and the annexed area is impossible." This reference is patently irrelevant. Moreover, in each of the two decisions that support the statement in American Jurisprudence, the municipality was authorized to annex, and had annexed, "the navigable river or waterway." Vestal v. Little Rock, 54 Ark. 321, 15 S.W. 891; McGraw v. Merryman, 133 Md. 247, 104 Atl. 540.
The opinion also relies upon two decisions of the appellate court, neither of which came on to be decided in this court. Neither of them involved a highway projecting beyond the limits of the annexing municipality, and both of them involved highways that paralleled the boundaries of the annexing municipality, which under the statute, could legally have been annexed. In the first of these cases, Village of Flossmoor v. Mutual National Bank of Chicago, 23 Ill. App.2d 440, the village sought to annex territory that lay west of, and parallel to, Kedzie Avenue for a distance of approximately 2100 feet. The east half of Kedzie Avenue was within the village limits for the entire distance but the west half was not. The opinion of the appellate court sustaining the annexation does not contain a full description of the physical situation, and the impression could be derived from it that there was a gap of 50 feet (one half the width of Kedzie Avenue) between the village limits and the territory to be annexed for the full distance along Kedzie Avenue. That is not the situation, however, for the record in that case shows that the west half of Kedzie Avenue was annexed for a distance of 630 feet. In the course of its opinion the appellate court said, "* * * Kedzie Avenue is the common boundary between Flossmoor and the territory. `Contiguity exists where boundary *393 lines are coterminous.' Rafferty v. City of Covina, 133 Cal. App.2d 745, 285 P.2d 94, 99 (1955); State ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780, 784 (1957)." (23 Ill. App.2d at 445.) Both the California and the Texas case involved a single boundary line, and neither case supports the proposition that there can be two distinct "common boundaries."
The language used in the opinion in the Flossmoor case led, in my opinion, to positive error in the second decision of the appellate court cited in the majority opinion, People ex rel. Henderson v. City of Bloomington, 38 Ill. App.2d 9. There the City of Bloomington sought to annex property which lay across the highway from the city boundaries. "[U]nder the authority of the Flossmoor case" the appellate court decided that the tract sought to be annexed "must be held to be reasonably contiguous to the limits of Bloomington." The difficulty with this conclusion, of course, is that the legislature has authorized only the annexation of "contiguous territory." It is a fair assumption, I think, from the history of annexation legislation and litigation in this state, that if the General Assembly had intended to authorize the annexation of "reasonably contiguous" territory, it would have said so. Cf. In re Lancaster City Ordinance, 374 Pa. 546, 98 A.2d 34 (1953).
Mr. JUSTICE HERSHEY joins in this dissent.