*In re* ANNEXATION TO THE VILLAGE OF DOWNERS GROVE.—
(BELMONT FIRE PROTECTION DISTRICT, Petitioner-Appellee, *v.*
THE VILLAGE OF DOWNERS GROVE, Respondent-Appellant.)

Second District    No. 80-130

Opinion filed January 14, 1981.

Guenther M. Philipp and Ann Rae Heitland, both of Schiff, Hardin & White, of Chicago, and Barbara J. Gosselar, of Downers Grove, for appellant.

Gary M. Moore and G. William Richards, both of Aurora, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

In February of 1979, the Village of Downers Grove (the village) passed an ordinance by which it annexed certain territory (the annexed territory), part of which lies within the boundaries of the Belmont Fire Protection District (the district). That part of the annexed territory which lies within the district would have been disconnected from the district on January 1, 1980, by operation of law, pursuant to section 20 of "An Act in relation to fire protection districts" (Ill. Rev. Stat. 1977, ch. 127½, par. 38.3), if the district had not initiated the proceeding below. Pursuant to statute (Ill. Rev. Stat. 1977, ch. 127½, par. 38.3), the district filed a timely petition objecting to the automatic disconnection of the territory within the district which the village had annexed. The petition included allegations that the disconnection would cause the territory remaining in the district to be noncontiguous and, by the loss of assessed valuation, would impair the district's ability to render full and adequate fire protection service to the territory remaining in the district. The village was granted leave to intervene in this action.

The only question presented to and decided by the trial court was whether, under section 20 of "An Act in relation to fire protection districts" (Ill. Rev. Stat. 1977, ch. 127½, par. 38.3), the automatic disconnection of the annexed territory would result in the noncontiguity of the geographical areas remaining in the district. The trial court entered summary judgment in favor of the district and denied the village's motion for partial summary judgment, finding as a matter of law that the disconnection would cause the two remaining parcels in the district to be noncontiguous.

The trial court found, and the parties agree, that the disconnection from the district of the annexed territory would divide the district's remaining territory into two distinct parcels which would not physically touch. An examination of the record, including a map which the parties stipulated correctly depicts the territory of the district and the territory annexed to the village, indicates that the territory of the district lying south of 63d Street, approximately one-third of the total area of the district, would not physically touch territory of the district situated north of 63d Street, in the event that all of the annexed territory is disconnected from the district. The territory of the district on the north side of 63d Street would be separated, at its nearest point, from that south of 63d Street by a distance of one block (approximately 240′), as measured along 63rd Street between Belmont Road and Puffer Road.

On appeal, the village contends that the mere absence of physical touching between the district's fire protection territory after the disconnection of the annexed territory does not create noncontiguous parcels as a matter of law where the territory remaining in the district will be divided into two parcels separated by only a distance of one block and where the parcels south of 63d Street will continue to be served via the same village streets as prior to the disconnection.

The meaning of the word "noncontiguous" as used in section 20 of "An Act in relation to fire protection districts" is at issue here. Section 20 of the statute provides in pertinent part:

"Any territory within a fire protection district that is or has been annexed to a city, village or incorporated town that provides fire protection for property within such city, village or incorporated town is, by operation of law, disconnected from the fire protection district as of the January first after such territory is annexed to the city, village or incorporated town * * *. Such disconnection by operation of law does not occur if, within 60 days after such annexation * * *, the fire protection district files with the appropriate court a petition alleging that such disconnection will cause the territory remaining in the district to be noncontiguous or that the loss of assessed valuation by reason of such disconnection will

impair the ability of the district to render fully adequate fire protection service to the territory remaining with the district. When such a petition is filed, * * * the district has the burden of proving the truth of the allegations in its petition. * * *" (Ill. Rev. Stat. 1977, ch. 127½, par. 38.3.)

Although the legislature's intent was to favor disconnection by making it automatic, it did not approve the creation of noncontiguous territory within a fire protection district. *In re Petition of North Maine Fire Protection District* (1977), 49 Ill. App. 3d 730, 735.

At the outset we note that we have not discovered any case interpreting the word noncontiguous as used in section 20 of the statute. However, in *Wyman-Gordon Co. v. Lynch Area Fire District* (1977), 51 Ill. App. 3d 451, a case involving an action to review a petition by a landowner seeking disconnection of property from a fire protection district pursuant to section 15 of "An Act in relation to fire protection districts" (Ill. Rev. Stat. 1975, ch. 127½, par. 35), the court had an opportunity to interpret and define the word noncontiguous, albeit in a factual setting different from that now before this court. There the court stated that the word contiguous is to be given its common, ordinary meaning; that is, the remaining portions of the fire protection district lands after the disconnection must touch. (51 Ill. App. 3d 451, 454.) Since we have been unable to find any other case interpreting the word noncontiguous as used in the statute in question, it is necessary to turn for guidance to cases interpreting the same language in statutes governing the alteration of municipalities by annexation, disconnection or incorporation.

It has been stated that "contiguity" has the same meaning under the municipal disconnection statutes as under the annexation statutes (*People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 837; *In re Annexation to Village of Wadsworth* (1976), 35 Ill. App. 3d 957, 960, rev'd on other grounds (1976), 65 Ill. 2d 148; *In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 266), and its use in the incorporation statutes is equally applicable to an interpretation of its meaning in the annexation statutes (*People ex rel. Hanrahan v. Village of Wheeling*; *La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 218). Furthermore, "[t]here is no cogent reason for suggesting that the word 'contiguous' means anything different in one statute than in the other." *La Salle National Bank v. Village of Burr Ridge.*

Certain general principles have emerged from the cases which have defined the term contiguity as used in the statutes regulating the alteration of municipalities. Statutory requirements of contiguity mean contiguous in the sense of adjacent and parallel to existing municipal boundaries. (*In re Annexation to Village of Plainfield* (1975), 25 Ill. App. 3d 1026, 1031.) Contiguity exists where the tracts of land touch or adjoin in a reasonably

substantial physical sense; however, the line of demarcation between the reasonableness or unreasonableness of a contiguity must be determined on the facts of each case. (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 352; *People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 837; *In re Annexation to Village of Wadsworth* (1976), 35 Ill. App. 3d 957, 959, *rev'd on other grounds* (1976), 65 Ill. 2d 148; *In re Annexation to Village of Plainfield*; *In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 265.) Contiguity is also satisfied where the parcels of land have a substantial common boundary or have a common border of reasonable length or width. (*People ex rel. Cherry Valley Fire Protection District v. City of Rockford* (1970), 120 Ill. App. 2d 275, 284; *Wescom, Inc. v. Woodridge Park District* (1977), 49 Ill. App. 3d 903, 907.) Point-to-point touching, or cornering, is generally not sufficient to satisfy the requirement of contiguity. (*Western National Bank v. Village of Kildeer*; *People ex rel. County of St. Clair v. City of Belleville* (1980), 81 Ill. App. 3d 379, 388; *People ex rel. Hanrahan v. Village of Wheeling.*) The finding of the trial court as to contiguity or the lack of it will not be disturbed on review unless it is contrary to the manifest weight of the evidence. *In re Incorporation of the City of Prospect Heights* (1979), 79 Ill. App. 3d 378, 382; *People ex rel. Hanrahan v. Village of Wheeling*; *In re Annexation to Village of Wadsworth* (1976), 35 Ill. App. 3d 957, 959-60.

The village concedes, correctly so, that if the land annexed by the village were disconnected from the district, the territory remaining in the district would not physically touch. Thus, in this case there is not even point-to-point touching which has been condemned by the courts. Nor would the remaining separate parcels have a common boundary. Recognizing that the present case does not fall within the traditional definitions of contiguity, the village argues that noncontiguity is not established by the mere absence of physical touching, relying on *People ex rel. Village of South Barrington v. Village of Hoffman Estates* (1964), 30 Ill. 2d 385, *People ex rel. Henderson v. City of Bloomington* (1962), 38 Ill. App. 2d 9, and *In re Annexation to Flossmoor* (1959), 23 Ill. App. 2d 440, cases which determined that separate parcels of land may be contiguous even though they did not physically touch. The village's reliance on the above cases is misplaced, since those cases are clearly distinguishable from the case at hand.

In *Flossmoor*, the court approved the village's annexation of territory that was adjacent and parallel to the village but which was physically separated by the west half of an avenue which marked their common boundary. (23 Ill. App. 2d 440, 445.) The *Henderson* case presented a similar annexation situation involving adjacent territory which was located across a highway from the municipality. (30 Ill. App. 2d 9, 17.) Both cases

held that two parcels or areas may be contiguous, within the meaning of the annexation statute, even though separated by the common boundary of a highway or street. The present case does not involve such a separation, and thus *Flossmoor* and *Henderson* are not controlling. See *People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 839.

The village places great emphasis on *People ex rel. Village of South Barrington v. Village of Hoffman Estates* and urges that it supports the village's position here. We disagree and determine that *Village of Hoffman Estates* is factually distinguishable and the concept of "unity of purpose and facilities" articulated in that case is not applicable to the present case involving the disconnection of territory from a fire protection district. We have discovered no case subsequent to *Village of Hoffman Estates*, and the village has not cited any case, which has applied the "unity of purpose and facilities" concept to find contiguity where, as here, tracts of land do not adjoin or touch in a reasonably substantial physical sense. In fact, *Village of Hoffman Estates* has been narrowly interpreted by the appellate court and apparently is limited to its particular facts. See, e.g., *People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 838; *In re Annexation to Village of Plainfield* (1975), 25 Ill. App. 3d 1026, 1032; *In re Annexation to Village of South Barrington* (1972), 7 Ill. App. 3d 958, 963-64; *In re Annexation to Village of Green Oaks* (1971), 1 Ill. App. 3d 773, 777-79; *In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 272-73.

In *Village of Hoffman Estates*, a divided supreme court upheld the annexation of a territory which paralleled the boundary of the annexing municipality for a distance of almost three miles but which was physically separated from the municipality throughout that distance by a 300-foot-wide tollway which was immune by statute from annexation. A road which passed over the tollroad provided direct access between the village and the annexed area, and this roadway had also been annexed by the village. In that case, the village was already providing garbage removal, police protection and other municipal services in the annexed area. In approving the annexation despite the fact that there was no physical touching between the two parcels, the court indicated that under the circumstances presented the expressway did not destroy the unity of the community to be formed. 30 Ill. 2d 385, 388.

In the course of its opinion, the *Village of Hoffman Estates* court made the following statement upon which the village relies here:

"The fundamental notion of a municipal corporation is that of unity and continuity, not separated or segregated area; a group of people gathered together in a single mass. [Citation.] This necessity for unity of purpose and facilities forms the very basis for the requirement of contiguity. Although the actual joining of territory

is in most cases necessary to provide this community of interest, there may be certain instances where, because of physical obstructions such as navigable rivers or waterways, extended boundary contact between the municipality and the annexed area is impossible. Such does not, however, in all instances mean that there is no single community or that the tracts are not contiguous. [Citation.]" (30 Ill. 2d 385, 387-88.)

In interpreting the above passage, this court has stated, in part, that if there is reasonably substantial physical touching, then contiguity exists, and if the only obstruction to a unified community is an artificial or natural obstruction which may be bridged to unify the community, then contiguity may still exist under *Village of Hoffman Estates. In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 272-73.

The village concedes that the doctrine of unity of purpose and facilities is not at issue with respect to the village and the territory annexed by the village; but the village contends that the trial court erred in not considering whether there was sufficient unity of purpose and facilities between the territory remaining in the fire district after the disconnection of the annexed territory so as to constitute contiguous remaining parcels. The trial court determined that the unity of purpose and facilities concept propounded in *Village of Hoffman Estates* was an element of contiguity in an annexation case only and was not relevant with respect to the determination of contiguity under section 20 of the statute in question. We agree with the trial court and can discern no cogent reason why the *Village of Hoffman Estates* doctrine should be extended and applied to cases involving the disconnection of territory from a fire protection district. In fact, we believe there are compelling reasons why the concept in *Village of Hoffman Estates* should be rejected in the present context.

In the first place, it is apparent that the factors present in *Village of Hoffman Estates*, as outlined above, do not exist in the case at bar. For example, unlike *Village of Hoffman Estates*, here there is no natural or artificial obstruction to physical contact between one part of the district and the other. More importantly, there is a greater community of interest between a municipality which is already providing a substantial number of municipal services to the area to be annexed, as in *Village of Hoffman Estates*, than there is between unincorporated areas comprising a fire protection district.

The village concedes in its reply brief that the district is a single service community, and the trial court had no evidence before it that the district provided anything more than fire protection services to the territory encompassed within its boundaries. The village apparently urges that the single service nature of the district satisfies the unity of purpose and facilities test or community of interest concept of *Village of Hoffman*

*Estates* and further that the unity of the district would not be affected by the separation of the district into non-touching parcels, since the district could still service its territory south of 63d Street via the same village streets it used before the annexation. Although the village's argument has some surface appeal, we reject it. Given the nature and purpose of a fire protection district, there will always be some community of interest or unity of purpose and facilities between the areas it services, that is, the need for and provision of fire protection services. Thus, to accept the village's position and invoke the *Village of Hoffman Estates* rationale in the present context would virtually nullify the statutory noncontiguity ground for objecting to automatic disconnection of the district's territory. If we were to accept the applicability of *Village of Hoffman Estates* to the present situation, the probable result would be that fire protection districts would be subject to crazy quilt division as a result of annexation of territory by a municipality. Also, the village's contention that noncontiguity is not present here because the district can still serve its separate parcels via the same routes as before annexation is likewise rejected. Since the district in most, if not all, cases could physically continue service to the areas it had been servicing prior to annexation, this argument, if accepted, would permit the disconnection of a district's territory in almost all cases and would render meaningless the statutory requirement of contiguity.

Furthermore, the language of the statute in question is clear. "Contiguous" means "being in actual contact," "touching," or "adjoining." (Webster's Seventh New Collegiate Dictionary 180 (1971).) Since a court has no authority to declare that the legislature did not mean what the plain language of the statute imports (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350), we adopt and apply a definition of contiguity in the present context which requires that the parcels of land touch or adjoin in a reasonably substantial physical sense.

The trial court's determination, that the territory remaining in the district after annexation was noncontiguous, is not against the manifest weight of the evidence and is correct as a matter of law.

The judgment of the trial court granting summary judgment in favor of the district and denying the village's motion for partial summary judgment is affirmed.

Affirmed.

NASH and UNVERZAGT, JJ., concur.