*In re* PETITION TO DISCONNECT CERTAIN TERRITORY FROM THE FRANKFORT FIRE PROTECTION DISTRICT (Standard Bank and Trust Company, as Trustee, Petitioner-Appellant, v. Frankfort Fire Protection District, Will County, Objector-Appellee).

Third District No. 3—95—0170

Opinion filed September 25, 1995.

Gilbert & Schoenstedt, of Joliet (Thomas J. Gilbert, of counsel) for appellant.

George F. Mahoney III, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (George M. Ferreti, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The petitioner-appellant, Standard Bank and Trust Company (the bank), acting as trustee of a parcel of real estate located in Will County, brought an action to detach that parcel from the Frankfort Fire Protection District (the Frankfort FPD) and to have the parcel annexed into the Mokena Fire Protection District (the Mokena FPD). The Frankfort FPD filed an objection and a motion to dismiss. After a hearing, the circuit court granted the motion to dismiss. The bank appeals.

The record shows the subject parcel is located within the Frankfort FPD. To the north of this parcel lies property owned by the Will County Forest Preserve District. The Mokena FPD borders the forest preserve lands on the north. Thus, the subject parcel is separated from the Mokena FPD by the forest preserve property.

On appeal, the bank contends the issue is whether contiguity exists where the only land separating the petitioning parcel from the fire protection district is property owned by a forest preserve district.

■ Contiguity exists where the tracts of land touch or adjoin in a

reasonably substantial physical sense. (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169.) The finding of the circuit court as to contiguity or lack of it will not be disturbed on review unless it is contrary to the manifest weight of the evidence. *In re Annexation to the Village of Downers Grove* (1981), 92 Ill. App. 3d 682, 416 N.E.2d 292.

In the instant case, evidence submitted at trial shows that the Frankfort FPD completely surrounds the subject parcel. The forest preserve lands to the north of the subject parcel are in the Frankfort FPD. At oral arguments before this court, the bank conceded this fact. The subject parcel does not touch or adjoin the Mokena FPD. Thus, there is no contiguity.

■ The bank argues, however, that the contiguity requirement is met because the land separating the parcel from the Mokena FPD is county forest preserve property. The bank relies on section 1 of the Fire Protection District Act (70 ILCS 705/1 (West 1994)), which provides in pertinent part: "For the purpose of meeting the requirement *** that the territory be contiguous, territory shall be considered to be contiguous if the only separation between parts of such territory is land owned by the United States, the State of Illinois, or any agency or instrumentality of either."

Here, we find the language of the statute is clear and unambiguous. The statute does not apply to units of local government. The bank concedes the forest preserve district is a local government entity. The district is not an agency or instrumentality of the State of Illinois. Therefore, this provision does not apply to the case before us.

■ The bank also argues the case of *People ex rel. Village of South Barrington v. Village of Hoffman Estates* (1964), 30 Ill. 2d 385, 198 N.E.2d 97, provides an exception to the requirement that the annexing territory physically touch the property seeking annexation. In *Hoffman Estates*, the Village of South Barrington challenged the annexation by the Village of Hoffman Estates of territory located north of the Northern Illinois Toll Highway. The only physical connection between Hoffman Estates and the annexed territory was Barrington Road, which passed over the tollway property. A majority of the Illinois Supreme Court held the annexed territory was contiguous within the meaning of the Illinois Municipal Code (65 ILCS 5/1—1—1 *et seq.* (West 1994)). The court noted there might be cases where physical obstructions such as rivers would render actual contact between territory impossible. The majority stated this type of situation did not prevent a finding that there was a single community and that the tracts were for all intents and purposes contiguous.

In finding the territory contiguous, the court observed the annexed strip of land was divided from the rest of the Village of Hoffman Estates by the 300-foot-wide tollway property which was not subject to annexation. The court found the village was already providing municipal services to the territory. As a matter of policy the court stated it wished to avoid the situation where a municipality's growth was stymied by the happenstance of a tollway.

We find the result and reasoning of the *Village of Hoffman Estates* case do not apply to the facts in the instant case. Here, we have a parcel of land completely surrounded by an existing fire protection district. The forest preserve district lands to the north of the property are not in the nature of a river or State toll road. To allow the parcel to detach from the Frankfort FPD and annex itself to the Mokena FPD would create an "island" territory within the Frankfort FPD. Such a result would run counter to the basic purposes and requirements of the statute that the territory of fire protection districts be contiguous. See 70 ILCS 705/1, 16 (West 1994).

Therefore, the circuit court decision was not against the manifest weight of the evidence.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON and HOLDRIDGE, JJ., concur.