RUTLAND AND DUNDEE TOWNSHIPS FIRE PROTECTION DISTRICT, Petitioner-Appellant and Respondent and Cross-Appellee, v. THE VILLAGE OF WEST DUNDEE, Respondent-Appellee and Intervenor and Cross-Appellant (Pulte Home Corporation, Intervenor-Appellee and Petitioner and Cross-Appellant).

Second District    No. 2—01—1110

Opinion filed February 21, 2003.—Rehearing denied July 2, 2003.

Ronald O. Roeser, of Roeser & Vucha, of Elgin, for appellant.

John H. Brechin, of Addison, and Michael P. Padden, of Howrey, Simon, Arnold & White, L.L.P., and Charles L. Byrum and Donna J. Rolf, both of Gardner, Carton & Douglas, of Chicago, for appellees.

JUSTICE KAPALA delivered the opinion of the court:

Petitioner Rutland and Dundee Townships Fire Protection District (District) filed a petition to prevent the automatic disconnection of property that had been annexed by respondent Village of West Dundee (West Dundee). The owner of the property, Pulte Home Corporation (Pulte), intervened in opposition to the action. Thereafter, Pulte affirmatively sought the disconnection of its property from the District by filing a separate action, in which West Dundee intervened in support. The District, West Dundee, and Pulte appeal from the July 27, 2001, order of the circuit court of Kane County, denying both the District's and Pulte's petitions. For the following reasons, we affirm.

The relevant facts are as follows: On July 1, 1999, West Dundee annexed a parcel of property located in the District, south of Higgins Road, west of Sleepy Hollow Road, north of the Village of Sleepy Hollow, and east of Randall Road. The property was owned by Pulte. (See diagram in appendix.) Under section 20 of the Fire Protection District Act (70 ILCS 705/20 (West 1998)), a municipality's annexation of property automatically disconnects the annexed property from its current fire protection district, effective the first day of January following the annexation. 70 ILCS 705/20 (West 1998). However, the fire protection district may, within 60 days of the annexation, file a petition to prevent the automatic disconnection on the grounds that (1) the disconnection will cause the territory remaining in the fire protection district to be noncontiguous; or (2) the disconnection will impair the ability of the fire protection district to render adequate fire protection service to the territory remaining in the fire protection district. 70 ILCS 705/20 (West 1998). On August 10, 1999, the District filed a petition to prevent disconnection of the Pulte property pursuant to section 20 of the Fire Protection District Act, alleging that the disconnection would cause the territory remaining in the District to be

noncontiguous. The trial court granted Pulte leave to intervene in this action.

■ On February 5, 2000, Pulte initiated a separate action pursuant to section 15 of the Fire Protection District Act (70 ILCS 705/15 (West 2000)). Section 15 of the Fire Protection District Act allows property owners or voters within a fire protection district to petition for an affirmative order of disconnection on grounds that the property sought to be disconnected (1) does not meet the requisite territorial qualifications described in section 1 of the Fire Protection District Act; (2) is not reasonably protected by its current district; or (3) could receive a greater benefit of service from another district or other municipal corporation. 70 ILCS 705/15 (West 2000). Disconnection under section 15 is not permitted if it results in disrupting the contiguity of the remaining territory in the fire protection district. 70 ILCS 705/15 (West 2000). The property sought to be disconnected in Pulte's petition was the same property annexed by West Dundee except for a portion in the northeast corner that was approximately 300 feet by 945 feet. The excepted parcel would create a physical connection between the two sections of the District that otherwise would have been separated at that point by Pulte's property, thereby purportedly satisfying the contiguity requirement of section 15. Pulte's section 15 petition alleged that its property would receive a greater benefit of service from West Dundee. The trial court granted West Dundee leave to intervene in this action. The two actions were thereafter consolidated.

On July 11, 12, and 13, 2001, the trial court conducted a bench trial. With respect to its petition, the District presented various maps depicting its boundaries, the boundaries of West Dundee, and the boundaries of several other surrounding districts and municipalities. The maps show that if the Pulte property was annexed to West Dundee and disconnected from the District, a portion of the District's territory would be separated from the rest of the District by Elgin and West Dundee. These maps also show the Northwest Tollway (Interstate 90), which traverses the District. At one point, the tollway is surrounded on both sides by Elgin. Based on the scale provided on one of these maps, the relevant stretch of the tollway that passes through Elgin is at its narrowest about 275 feet wide and about 3,000 feet long. The tollway, in effect, physically connects portions of the District that would otherwise be separated by Elgin and West Dundee.

Additionally, the parties stipulated that, among other things, "[d]isconnection of the Annexed Property would block contiguity of the [District] between West Dundee and Elgin in the vicinity of Route 72." Route 72 runs east and west along the northernmost boundary of

the Pulte property. The stipulation further provided that "Pulte and West Dundee do not stipulate that disconnection of the Annexed Property will cause the territory remaining in the [District] to be noncontiguous." The parties also stipulated that "[d]isconnection of the Property Sought To Be Disconnected [pursuant to Pulte's section 15 petition] will not cause the territory remaining in the [District] to be physically noncontiguous." This is because of the exclusion of the northeast corner of the Pulte parcel from the annexation by West Dundee.

At trial, Rollyn Anderson, the District's fire chief, testified pertaining to the tollway, particularly the stretch running through Elgin. According to Anderson, the District provides no fire protection service to the tollway. Elgin provides fire protection for the relevant portion of the tollway pursuant to a contract with the state. Anderson also testified that the District receives notice anytime a municipality annexes a parcel within the District and that the District never received any notice of Elgin or any other municipality annexing any portion of the tollway. Anderson also admitted, when asked hypothetically if the tollway was considered to be part of the District, that the tollway would physically connect the two otherwise separated portions of the District. When shown a map, Anderson further admitted that the map does not show the tollway as excluded from the District.

In its appellate brief, the District admits that "[w]hen [the District] was formed in 1955, the land under the tollway was not yet acquired by the state and not constructed at that time, but was originally included in the [District]." The citation following this admission is to plaintiff's exhibit 68, a court order dated September 6, 1955, creating the District and describing its boundaries.

On July 27, 2001, the trial court denied both the District's and Pulte's petitions. With respect to the District's petition, the trial court found that the tollway, which runs from west to east through the District, then through Elgin, and then back through to the District, provided contiguity to the District. Thus, the annexed property would be automatically disconnected from the District pursuant to section 20. With respect to Pulte's petition, the trial court found that Pulte had failed to meet its burden of proof. The District filed a timely appeal, and West Dundee and Pulte filed a timely cross-appeal.

We first address the propriety of the trial court's ruling regarding the District's petition objecting to the automatic disconnection under section 20. The District's argument on appeal in that regard is that the trial court erred in denying its petition to prevent the disconnection of the Pulte property because, if the Pulte property was disconnected, the District would not be contiguous. The District argues that,

contrary to the trial court's finding, the tollway would not provide contiguity. The District argues, therefore, that the disconnection of the Pulte property was improper.

■ The determination by the trial court as to whether contiguity or noncontiguity exists within the meaning of disconnection will not be disturbed on review unless it is contrary to the manifest weight of the evidence. *In re Petition to Disconnect Certain Territory from the Frankfort District*, 275 Ill. App. 3d 500, 502 (1995). Contiguity is not defined within section 20, but this court has borrowed from cases construing it under municipal annexation and disconnection statutes for its meaning in this context. See *In re Annexation to the Village of Downers Grove*, 92 Ill. App. 3d 682, 684 (1981). Thus, we have defined contiguity to exist "where the tracts of land touch or adjoin in a reasonably substantial physical sense." *In re Annexation to the Village of Downers Grove*, 92 Ill. App. 3d at 684-85. Further, the determination of reasonableness in this context must be based on the particular facts of each case. *In re Annexation to the Village of Downers Grove*, 92 Ill. App. 3d at 685.

■ In the present case, while the Pulte property will physically separate portions of the District, those portions will continue to be connected by that portion of the District that is coextensive with the tollway as it runs through Elgin. As the District admits in its brief, prior to the tollway being constructed, the land where it currently lies was within the District. There is no evidence that anything has occurred to alter that fact. While Elgin has annexed property on both sides of this part of the tollway, and while the territory within Elgin was consequently disconnected from the District, the land coextensive with the relevant stretch of the tollway has never been annexed. Thus, the District includes a portion of land that measures at its narrowest approximately 275 feet wide and about 3,000 feet long and physically connects the two purportedly noncontiguous portions of the District. Therefore, the only remaining issue is whether such a configuration constitutes a connection in a "reasonably substantial physical sense" rendering the two portions contiguous.

In deciding this question, we reiterate that each case must be decided on its facts and that the decision of the trial court is not to be altered unless it is against the manifest weight of the evidence. While we decide this case on its particular facts, we note that this court has held in several annexation cases that contiguity existed where two areas of land have a common boundary of 400 feet (*People ex rel. Nash v. City of Loves Park*, 59 Ill. App. 2d 297 (1965)), of 835 feet (*In re Ordinance No. 491*, 89 Ill. App. 2d 284 (1967) (abstract of op.)), and of 675 feet (*In re Annexation of Certain Territory to the Village of Buffalo*

*Grove*, 128 Ill. App. 2d 261 (1970)). On the other hand, courts have rejected contiguity in annexation cases where a 50-foot strip of land, which was a half-mile long, connected two parcels (*Wild v. People ex rel. Stephens*, 227 Ill. 556 (1907)), and where the property to be annexed was only touched by the municipal property for 20 feet by a strip of land at least 1,276 feet in length (*People ex rel. Cherry Valley Fire Protection District v. City of Rockford*, 120 Ill. App. 2d 275 (1970)).

While the facts here fall in between these two fact situations, this case is much closer to those cases where we have held contiguity existed than to those cases holding it did not. More importantly, we cannot say under the evidence in this case that the trial court's determination that the tollway constituted a reasonably substantial physical connection was against the manifest weight of the evidence. Thus, we affirm the trial court's finding of contiguity and its denial of the District's petition objecting to the automatic disconnection under section 20.

In doing so, we note that this case is different from a situation where a municipality seeks to annex land via a narrow strip that provides its only source of physical contact with the annexed property. Here, the connecting land in question was originally part of the District and is what remained after disconnection of various portions of the District's territory via annexations by Elgin. This is significantly different from the affirmative use of a narrow strip of land to acquire land that would not otherwise be contiguous to a municipality. This difference further justifies the result in this case.

Finally, we are not persuaded by the evidence that the District had no access via the tollway. Access is not the determinative factor in the context of contiguity of a District. Rather, it is the presence or absence of an actual territorial connection that is controlling. See 70 ILCS 705/20 (West 2000). If access were the controlling factor in determining contiguity, the disconnection of the Pulte parcel would not render the remaining parts of the District noncontiguous because the District would continue to have access via the public streets and roads that connect the two parts.

The parties direct our attention to *People ex rel. Village of South Barrington v. Village of Hoffman Estates*, 30 Ill. 2d 385 (1964). We conclude it is inapplicable to the circumstances here. In that case, the issue was whether a municipality can annex a parcel of land that would be contiguous but for the separation of that parcel from the municipality by a nonannexable tollway. That is not the same situation as here, where the tollway that creates the contiguity occupies land originally within the District.

Because we affirm the trial court's ruling regarding automatic

disconnection, we do not decide the propriety of the trial court's denial of Pulte's section 15 petition.

For the foregoing reasons, we affirm the order of the circuit court of Kane County.

Affirmed.

HUTCHINSON, P.J., and BOWMAN, J., concur.

APPENDIX